## BLAKE *v.* McKIM.

A., a citizen of Massachusetts, commenced a suit, in a court of that State, against the executors of B., two of whom were citizens of Massachusetts and one a citizen of New York, to enforce a liability of the testator. The executors appeared and filed a joint answer. *Held,* that the controversy, not being divisible, nor wholly between citizens of different States, could not be removed into the Circuit Court of the United States.

ERROR to the Circuit Court of the United States for the District of Massachusetts.

The facts are stated in the opinion of the court.

*Mr. Joshua D. Ball* for the plaintiffs in error.

*Mr. James C. Davis, contra.*

MR. JUSTICE HARLAN delivered the opinion of the court.

This action was commenced in one of the courts of Massachusetts, by a citizen of Massachusetts for the use of citizens of that State, against the executors of George Baty Blake, two of whom are citizens of Massachusetts and one a citizen of New York. It is upon a probate bond, executed by James M. Howe, as trustee under the will of Henry Todd, with two sureties, one

of whom was the testator of the defendants. Its object is to recover from the estate of the deceased surety the sum of $50,000 for alleged breaches, upon the part of the trustee, of the bond sued on.

The executors filed a joint answer, which presented a common defence, and subsequently, in proper time, filed their joint petition for the removal of the case into the Circuit Court of the United States for the District of Massachusetts. The petition was dismissed by the State court. The transcript of the record was, nevertheless, filed in the Circuit Court. By the latter court the case, upon motion of plaintiff, was remanded to the State court. From that order this writ of error is prosecuted.

We are of opinion that the case, as made by the plaintiffs, is not one of which the Circuit Court of the United States can take jurisdiction.

In *Removal Cases* (100 U. S. 457) we had occasion to construe the first clause of the second section of the act of March 3, 1875, c. 137, which declares that either party may remove to the Circuit Court for the proper district any suit of a civil nature, at law or in equity, pending in a State court, where the matter in dispute exceeds, exclusive of costs, the sum or value of $500, and in which there is "a controversy between citizens of different States." We held it to mean "that when the controversy, about which a suit in the State court is brought, is between citizens of one or more States on one side, and citizens of other States on the other side, either party in the controversy may remove the suit to the Circuit Court, without regard to the position they occupy in the pleadings as plaintiffs or defendants;" that, upon arranging the parties on opposite sides of the real and substantial dispute, if it appears that those on one side are all citizens of different States from those on the other, the suit may be removed, — all those on the side desiring a removal uniting in the application therefor. In that case an Iowa corporation represented one side of the dispute, while the other was represented by citizens of Ohio and Pennsylvania. The controversy was as broad as the suit.

In *Barney* v. *Latham* (*supra*, p. 205) we held, construing the second clause of that section, that one or more of the plaintiffs or defendants, actually interested in a controversy wholly

between citizens of different States, and which can be fully determined as between them, can remove from the State court the entire suit of which that separable controversy forms a part, provided it involves the amount prescribed as necessary to Federal jurisdiction.

The executors of Blake — each of them having qualified and acted in the execution of the trust — were all indispensable parties to the suit. Gould, Pleadings, sect. 73, c. 4; Dicey, Parties to Actions, 322; 1 Chitty, Pl. 52. They all appeared and submitted to the jurisdiction of the court. The present case is, therefore, one in which the suit embraces only one indivisible controversy. It is not wholly between citizens of different States, and fully determinable as between them, because some of the defendants are citizens of the same State with the plaintiffs.

The contention upon the part of counsel for the executors is, that the suit is removable upon their joint petition, under the first clause of that section. We are unable to concur in that view. There is, undoubtedly, some ground for such a construction, but we are not satisfied that Congress intended to enlarge the jurisdiction of the circuit courts to the extent which that construction would imply. The principal reason assigned in its support is, that the clause follows the words of the Constitution, when giving jurisdiction to the Circuit Court of a suit in which there shall be " a controversy between citizens of different States," — language which, it is claimed, does not necessarily require that such controversy must be wholly between citizens of different States. But that consideration was pressed upon our attention in the *Case of the Sewing Machine Companies* (18 Wall. 553), which arose under the act of March 2, 1867, c. 196. 14 Stat. 558. That act authorizes the removal of a suit involving the requisite amount, " in which there is a controversy between a citizen of the State in which the suit is brought, and a citizen of another State," upon an affidavit by the latter, whether plaintiff or defendant, showing that he has reason to believe, and does believe, that, from prejudice or local influence, he would not be able to obtain justice in the State court. The argument there, by counsel of recognized learning and ability, was that a controversy between citizens of

different States is none the less a controversy between citizens of different States because others are also parties to it; that to confine the Federal jurisdiction to cases, wherein the controversy is between citizens of different States exclusively, is to interpolate into the Constitution a word not placed there by those who ordained it, and materially limiting or controlling its express provisions. We declined to adopt that construction, and held that Congress did not intend by the act to confer the right of removal where a citizen of a State, other than that in which the suit is brought, is united, as plaintiff or defendant in the controversy, with one who is a citizen of the latter State. The construction for which counsel for the plaintiffs in error here contend cannot well be maintained without overruling the principles announced in that case.

It is to be presumed that Congress, in enacting the statute of 1875, had in view as well the previous enactments, regulating the removal of causes from the State courts, as the decisions of this court upon them. If it was thereby intended to invest the circuit courts with jurisdiction of all controversies between citizens of different States, although others might be indispensable parties thereto, such intention would have been expressed in more explicit language. We are not disposed to enlarge that jurisdiction by mere construction. We are of opinion that Congress, in determining the jurisdiction of the circuit courts over controversies between citizens of different States, has not distinctly provided for the removal from a State court of a suit in which there is a controversy not wholly between citizens of different States, and to the full or final determination of which one of the indispensable parties, plaintiffs or defendants, on the side seeking the removal, is a citizen of the same State with one or more of the plaintiffs or defendants against whom the removal is asked.

The judgment of the Circuit Court remanding the cause to the State court will, therefore, be affirmed, and it is

*So ordered.*