## ELWELL *v.* GEIBEI and another.

*(Circuit Court, S. D. New York. November 28, 1887.)*

SHIPPING—LIMITATION OF LIABILITY—JURISDICTION.

The circuit courts of the United States have no jurisdiction by bill in equity, or otherwise, to enforce proceedings for limiting the liability of ship-owners under the provisions of sections 4282, 4284, and 4285 of the Revised Statutes. While these sections provide that a ship-owner may, under certain circumstances, limit his liability by appropriate proceedings in any court of competent jurisdiction, the circuit courts are not the tribunals designated. The statute embodied in these sections created a new right, and by implication prescribed that it should be enforced in the district courts, and the remedy is confined to the jurisdiction provided by the statute which gave the right.

In Admiralty.

*Robert D. Benedict,* for complainant.

*Daniel T. Walden,* for defendants.

WALLACE, J. The demurrer presents the question whether the case made by the bill is one of which this court has jurisdiction. The bill is filed to limit the liability of the complainant, as a ship-owner, under the provisions of the act of congress of March 3, 1851, now contained in sections 4283, 4284, and 4285 of the Revised Statutes. It alleges, in substance, that the defendants have severally brought actions against the complainant in a state court, to recover damages for personal injuries sustained by the negligent navigation of the bark Keystone, of which vessel the complainant is the owner. The jurisdiction of this court is invoked upon the theory that the proceeding is not one cognizable in admiralty, because the liability of the complainant arises from an injury inflicted by the ship upon the persons of the defendants while the latter were on the land.

It is not necessary for present purposes to consider whether the case made by the bill is or is not one of admiralty jurisdiction. If the district courts of the United States are the courts contemplated and referred to in the act as the courts of "competent jurisdiction," in which "the appropriate proceedings" are to be taken, the proceeding must be taken in one of these courts, or it cannot be taken at all; and if the case made, for any reason, is one of which such a court cannot take cognizance then it is one which is not within the remedy of the statute. The supreme court have expressed their views upon this question by promulgating rules regulating the practice that is to be pursued when the benefit of the act is sought. By these rules the proceedings are required to be instituted and conducted in the district courts, and the circuit courts are authorized to administer them only when cases are pending upon appeal from a district court. These rules were adopted after the decision in *Norwich Co.* **v.** *Wright,* 13 Wall. 104, the first case in which the supreme court had occasion to consider the construction and general effect of the act limiting the liability of ship-owners. In the opinion, the court used this language:

"The act does not state what court shall be resorted to, nor what proceeding shall be taken, but that the parties, or any of them, may take ' the appropriate proceedings in any court for the purpose of apportioning the sum for which,' etc.   Now, no court is better adapted than a court of admiralty to administer such relief.   *   *   *   Congress might have invested the circuit courts of the United States with jurisdiction of such cases by bill in equity, but it did not. It is also evident that the state courts have not the requisite jurisdiction. ·Unless, therefore, the district courts themselves can administer the law, we are reduced to the dilemma of inferring that the legislature has framed a law which is incapable of execution.   We have no doubt that the district courts, ,as courts of admiralty and maritime jurisdiction, have jurisdiction of the matter; and this court undoubtedly has the power to make all needful rules ,and regulations for facilitating the course of proceedings."

In *Steam-Ship Co.* v. *Manuf'g Co.*, 109 U. S. 578, 3 Sup. Ct. Rep. 379, 617, referring to the language just quoted, the supreme court say:

"We see no reason to modify these views, and in our judgment, the proper district court, designated by the rule, or otherwise indicated by circumstances, has full jurisdiction and plenary power, as a court of admiralty, to entertain and carry on all proper proceedings for the due execution of the law in all its parts."

In both judgments the act was treated as a maritime regulation; and, because the subject of the legislation was considered one "pre-eminently of admiralty jurisdiction," the opinion was reached that the district courts were the tribunals upon which congress intended to devolve jurisdiction of the proceedings.

The statute created a new right, and, by implication, prescribed that it should be enforced in the district courts.   The remedy is confined to the jurisdiction provided by the statute which gave the right.   Although by the act of March 3, 1875, congress conferred jurisdiction upon the circuit courts "concurrent with the courts of the several states" of all suits arising under the laws of the United States, the jurisdiction thus enlarged does not include cases which were exclusively cognizable by the district courts.

The demurrer is sustained.