J. MORRIS CHILDS AND CHARLES H. CHILDS, RESPOND-
ENTS, *v.* WILLIS H. TUTTLE, APPELLANT, IMPLEADED WITH
OTHERS.

*Patents — jurisdiction of State courts to enjoin the bringing of suits in the United
States courts relating to their infringement.*

A State court has jurisdiction to decide questions as to the title to letters-patent,
but has no authority to restrain parties from prosecuting actions, alleged to be
malicious, in the Federal courts against either the purchasers, sellers or users
of an article claimed to be an infringement of a patent. (CHURCHILL, J.,
dissenting.)

*Emack* v. *Kane* (34 Federal Rep., 46) distinguished.

APPEAL by the defendant Willis H. Tuttle from an order denying
a motion made by the defendants to vacate an injunction order
granted in the above-entitled action on the 20th day of February,
1889, at a Special Term held in the county of Jefferson, which
order was entered in the office of the clerk of Oneida county on
the 26th day of March, 1889.

The injunction order in question was as follows:

" It appearing to my satisfaction by the verified complaint in this
action and the affidavit of J. Morris Childs, Dewane B. Smith and
others, and by the facts set forth in the complaint, and the moving
affidavits accompanying the complaint, that a cause of action exists
in favor of the plaintiffs against the defendants for the causes set
forth in the complaint and supported by the affidavits, that the
defendants are about to commence a number of unnecessary suits in
the Circuit Court of the United States against the purchasers
and users of harrows manufactured by the plaintiffs, with a view
and for the purpose of harassing, annoying and preventing pur-
chasers and users from buying the plaintiffs' harrows, and to break
down and destroy their trade without justifiable reason therefor, and
that the plaintiffs having offered to reinstate the case dismissed in
the Circuit Court, and go to a hearing upon the merits, wherein
all the questions in controversy can be settled by a court having
jurisdiction of the subject-matter, and they having neglected and
and refused to avail themselves of said offer, which is still open for

acceptance, and a case involving the validity and construction of the Reed patent is now pending in the Supreme Court, wherein a decision will be reached by January next, and that the defendants are threatening to bring a multiplicity of suits against purchasers and users of the plaintiffs' harrows, to carry into effect an illegal combination with a view of ruining the plaintiffs' trade and business,

Now, therefore, the defendants, and each and every of them, their agents, attorneys and employees, are, and each of them is, hereby enjoined and restrained, under the penalty prescribed by law, from commencing, instituting, bringing or prosecuting suit or suits for an alleged infringement of the Reed patent against any of the sellers, purchasers or users of harrows manufactured and sold by these plaintiffs, and for any that they may hereafter manufacture and sell until the final hearing and decision of the case now on appeal to the Supreme Court, wherein the Reed patent is involved, or until the final decision of a case brought by the owners of said patent against these plaintiffs in a court having jurisdiction of the subject-matter of the alleged infringement, until the further order of this court."

*J. Henry Metcalf*, for the appellant.

*Risley & Perry*, for the respondents.

MARTIN, P. J.:

The controversy between the parties to this action arises out of the claim that the plaintiffs are manufacturing and selling a spring tooth harrow which infringes upon a patent-right owned by the defendants. The relief sought by this action was to restrain the defendants from bringing any suit or suits against the purchasers or users of the plaintiffs' harrow for an alleged infringement of such patent until a certain suit between a portion of the defendants and one Shorden should be determined by the United States Supreme Court, where said action was then pending on appeal.

A preliminary injunction was granted enjoining the defendants, their agents, attorneys and employees, from instituting or prosecuting " any suit or suits for an alleged infringement of such patent against any of the sellers, purchasers or users of harrows manufactured and sold by the plaintiffs, and that they may hereafter manufacture and sell, until the final hearing and decision of the case

now on appeal to the Supreme Court, wherein the Reed patent is involved, or until the final decision of a case brought by the owners of said patent against these plaintiffs in a court having jurisdiction of the subject-matter of the alleged infringement, until the further order of this court."

A motion to vacate such injunction was subsequently made and denied. The injunction was, however, modified by striking out the words "decision of the case now on appeal to the Supreme Court, wherein the Reed patent is involved," and inserting the words "during the pendency of this action," in lieu of the words thus stricken out. The injunction, as modified, restrained the instituting or prosecution by the defendants of any suit against the sellers, purchasers or users of plaintiffs' harrows for infringement of the defendants' patent during the pendency of this action, or until the final decision of an action brought by the defendants against the plaintiffs in the United States Court. From the order denying the defendants' motion to vacate such injunction this appeal was taken.

The important question presented by this appeal is, was this court authorized, or had it the power to restrain the defendants from prosecuting an action in the Federal courts to secure their alleged rights under a patent issued by the United States. The Federal courts have exclusive jurisdiction of actions for infringement of patent-rights. (*Dudley* v. *Mayhew*, 3 N. Y. 9; *Hovey et al.* v. *Rubber Tip Pencil Co.*, 57 id. 119; *De Witt* v. *Elmira Nobles Mfg. Co.*, 66 id. 459; *Continental Store Service Co.* v. *Clark, et al.*, 100 id., 365, 370.) "An action for an infringement lies in favor of the owner of a patent against any one who claims to manufacture, use or enjoy the same in opposition to his rights." (*Continental Store Service Co.* v. *Clark, et al.*, 100 N. Y., 365, 371.) A State court has no authority to restrain the proceedings of a Federal court. (*McKim* v. *Voorhies*, 7 Cranch [U. S.], 279; *Riggs* v. *Johnson Co.*, 6 Wall. [U. S.], 195; *Ableman* v. *Booth*, 21 How. [U. S.], 516; *Duncan* v. *Darst*, 1 id., 306; *Amy* v. *Supervisors*, 11 Wall. [U. S.], 136.) While a State court has jurisdiction to decide questions as to the title to letters-patent or of an action on contract, although such action involves the validity of a patent, it has no authority to restrain a party from using the patent *pendente lite*, or in any way to pass·

upon a question as to an infringement of the patent; as to that the Federal courts have exclusive jurisdiction. (*Continental Store Service Co.* v. *Clark et al.*, *supra*; *Hat Sweat Mfg. Co.* v. *Reinoehl*, 102 N. Y., 167.) Nor have the State courts any jurisdiction to entertain a suit to restrain the infringement of a patent. (*Dudley* v. *Mayhew*, 3 N. Y., 9; *Gibson* v. *Woodworth*, 8 Paige, 132.)

I think the doctrine of the authorities cited quite decisive of the question under consideration, and that it must be held that this court had no authority to restrain the defendants from prosecuting actions in the Federal courts against either the makers, sellers or users of a harrow which was an infringement upon their patent; and as this court could in no way pass upon that question, it could not enjoin the defendants from prosecuting their actions in a court having exclusive jurisdiction of the subject-matter thereof. If this court has power to restrain the defendants from bringing an action in the Federal courts against one class of infringers, it can restrain them from bringing an action against any person who infringes upon their rights; if so, then it may enjoin every owner of a patent from maintaining an action for the infringement of his right, and hence a State court would possess the power to nullify the patent laws of the United States and render the patents granted by it valueless. I think no such power is vested in the State courts. The exclusive jurisdiction of that subject is vested in the Federal courts. The question here is not one of comity, nor one of concurrent jurisdiction, it is a question of limitation and authority. No case has been cited which sustains a doctrine which will uphold the injunction granted in this case, and I have been unable to find any.

The case of *Emack* v. *Kane* (34 Fed. Rep., 46) does not sustain the doctrine contended for, and is not in conflict with the foregoing conclusion. In the Emack case the action was in the Federal court, and was brought, not to restrain the defendants from asserting their claimed rights under their patent by bringing actions for infringement thereof, but to restrain them from maliciously injuring plaintiff's business by issuing circulars threatening the complainant's customers with law suits for all infringements. This case falls far short of establishing the doctrine that a State court may restrain a party from commencing an action in the Federal court for an alleged infringement of a patent when the latter court has exclusive

jurisdiction of such an action. The effect of the injunction in this case is to restrain the defendants from commencing any actions against the sellers, purchasers or users of any harrow that has been, or shall be, manufactured by the plaintiffs, even though it be identical in all respects with the harrows manufactured under the Reed patent. If the plaintiffs' harrow is an infringement upon the defendants' patent, I can perceive no equity in restraining them from asserting their rights against any person or persons who are liable for such infringement, and, as was said by BLATCHFORD in the *Asbestos Felting Company Case* (13 Blatchf., 454): "I am not aware of any principle which would authorize the court in a suit of this character to restrain a defendant from bringing suits on his patent before that patent is adjudged to be invalid. The granting of the patent to the defendants confers the right to bring suits thereon for its infringement."

I am of the opinion that the court had no authority to grant the preliminary injunction in this case; that the Special Term should have vacated it, and erred in denying the defendants' motion for that purpose. These considerations lead me to the conclusion that the order denying the said motion should be reversed, with ten dollars costs, and an order vacating said injunction should be granted, with ten dollars costs and disbursements on this appeal.

MERWIN, J., concurred.

CHURCHILL, J. (dissenting):

The respondents are manufacturers of spring-tooth harrows at Utica, N. Y. The defendants are fifteen in number; Willis H. Tuttle and five others, composing the firm of G. B. Olin & Co., of Canandaigua, N. Y.; A. W. Stevens and another, composing the firm of A. W. Stevens & Son, of Auburn, N. Y.; and Dewitt C. Reed and two others, composing the firm of D. C. & H. C. Reed & Co., Nehemiah Chase and two others, composing the firm of Chase, Taylor & Co., and William L. Lawrence, all of Kalamazoo, Mich.

These defendants are all engaged, at their several places of residence, in the manufacture of spring-tooth harrows under the patent number 201946, known as the Reed patent, which patent is owned by the firm of G. B. Olin & Co. for the New England States, New

York, New Jersey, Pennsylvania, Delaware, Maryland, East and West Virginia, and by the firm of D. C. & H. C. Reed & Co. for the remainder of the territory of the United States.

The defendants claim that the harrow manufactured by the respondents is an infringement of this patent. This claim is denied by the respondents. In February, 1887, the firm of G. B. Olin & Co., after considerable friction with the respondents upon that question, commenced an action against the respondents in the Circuit Court of the United States for the Northern District of New York, based upon this claim of infringement. Issue was promptly joined, and in March, 1887, and again in May, 1887, the plaintiffs in that suit moved the court for an injunction to restrain the defendants from marketing their harrows.

These motions were heard on voluminous papers and exhibits, presenting from both sides this question of infringement, and were denied. Testimony was afterwards taken on both sides to a large amount, and at a great expense, and in June, 1888, this evidence had been printed and the case was pressed for a hearing upon the merits by the defendants in that action, but postponement was asked for by the plaintiffs. The hearing was postponed to September, and again on the motion of the plaintiffs, and against the opposition of the defendants, to October, and was finally set down peremptorily for hearing November 20, 1888. At that date the defendants were ready, but the plaintiffs asked further postponement, which was refused by the court and the complaint was thereupon dismissed on the motion of the solicitors of the plaintiffs in that action.

The respondents in the present action allege, in their complaint, that the defendants in this action, soon after the dismissal of the complaint in the action above referred to, entered into a combination to injure, harass and annoy the respondents and to destroy their business as manufacturers of spring-tooth harrows; and that, as a means to be employed for this purpose, numerous suits were to be brought in the Circuit Courts of the United States against the purchasers of respondents' harrows, and that such suits were to be brought, not in the belief that the harrows manufactured by the respondents were an infringement upon the Reed patent, but for the purpose of intimidating respondents' customers and thereby injuring and destroying their business. The complaint in this

action asks for perpetual and preliminary injunctions to restrain the defendants from commencing actions *for the purpose above stated.* Upon the verified complaint and accompanying affidavits a preliminary injunction was granted by a justice of this court. The Special Term, upon an order to show cause granted upon affidavits presented by the appellant, and upon the original papers and additional affidavits presented by the respondents, refused to vacate the injunction. From the order refusing to vacate, this appeal was taken to the General Term.

To restrain by injunction the bringing of suits or other acts calculated to intimidate customers or destroy the business of a rival is an old and well-established right of courts of equity, and may be exercised where *the party* to be restrained is within the jurisdiction of the court, although the effect of the injunction may be to restrain the bringing of actions in the courts of other States or countries. (Story's Eq. Juris., §§ 875, 899, 900; Willard's Eq. Juris. [Potter's ed.], 348.)

This is conceded by the learned counsel for the appellant in his printed brief. Story, however, in stating the doctrine, makes this exception: " There is one exception to this doctrine which has been long recognized in America, and that is, that the State courts cannot enjoin proceedings in the courts of the United States; nor the latter in the former courts. This exception proceeds upon peculiar grounds of municipal and constitutional law, *the respective courts being entirely competent to administer full relief in the suits pending therein.*" (Story's Eq. Juris., § 900; Willard's Eq. Juris., 348.) This exception is insisted upon by the learned counsel for the appellant as fatal to the maintenance of this action. It will be observed that Story gives the entire competency of the courts referred to, to administer full relief as a foundation for the exception, but in the particular case presented by the complaint in this action, United States Courts are powerless to grant the relief sought. The appellant, with seven other of the defendants in this action, and also the respondents, are residents of the State of New York, and the courts of the United States have no jurisdiction of an action of this sort between such parties. (Act of Congress, Sept. 24, 1789, § 11; *Hyde* v. *Ruble*, 104 U. S., 407; *Blake* v. *McKim*, 103 id., 336.) A case similar in its features to the present one

was recently before the United States Circuit Court for the Northern District of Illinois. (*Emack* v. *Kane et al.*, 34 Fed. Rep., 46.) It was an action brought by the manufacturers of a patented article to restrain the manufacturers of a rival patented article from issuing to the complainant's customers " circulars threatening all who should buy from the complainant, or deal in his slates, with law suits, upon the ground that the complainant's slate was an infringement of the other's patent."

ˊ There were circumstances in that case, as in this, tending to show that the suits threatened were not for the purpose of settling this question of infringement, but for the purpose of intimidating the complainant's customers, and injuring his trade. The court held that in such an action a court of equity would not pass upon the validity of a patent, but might consider the state of the art in connection with the defendant's conduct, to ascertain his good faith in issuing the circulars, and the court also held that an injunction should issue, since the proofs show "that the charges of infringement were not made in good faith, but with malicious intent to injure complainant's business." In that case the parties resided in different States, and the United States Courts had unquestioned jurisdiction.

It will be seen, upon the authority of that case, that if *all the defendants in this case* had been residents of the State of Michigan, this action for the precise relief sought might have been maintained in the United States Circuit Court. The absence of jurisdiction in the courts of the United States to entertain this action between the parties to it, and so to grant the relief sought, takes this case out of the exception stated by Justice STORY.* Injunction is the right arm of the court of equity, by which it reaches wrongs beyond the remedy of the ordinary processes of the courts of law. The right to use it in a case of this kind, when, if the complaint be true, great injury is threatened, otherwise remediless, should not be denied except upon the judgment of the court of last resort.

---

*The authorities cited by Story and by Willard do not warrant a stronger statement than that State courts cannot enjoin proceedings *pending* in the courts of the United States, and *vice versa*. The injunction in this case does not affect any *pending* action. (See *Mead* v. *Merritt*, 2 Paige, 40ˊ, 404. W ᴀ ᴛ ᴡ ᴏ ᴡ ᴛ ᴛ ᴛ, ˋ ʰ.; *Field* v. *Holbrook*, 3 Abb. Pr., 377, 383, HOFFMAN, J.; *Grant* v. ˑ ˑ  ˑ 312, 613, DUER, J.; *Mariposa Company* v. *Garrison*, 26 How. Pr. ˑ  ˑ  ˑ J.)

If the respondents upon the trial of this action establish the facts charged in the complaint (which the papers presented show to be not improbable) the case will then be in a situation in which such a judgment may be obtained.

The order appealed from should be affirmed, with costs

*Order reversed, with ten dollars costs and disbursements.*