JAMES W. ELWELL, Appellant, *v.* PHILIP BENDER, Guardian, etc., and Others, Respondents.

*Limitation of liability for damages done by a vessel, under U. S. R. S. §§ 4283, 4284 and 4285 — the remedy is confined to courts of admiralty — jurisdiction of the United States District Courts.*

While sections 4283, 4284 and 4285 of the Revised Statutes of the United States in express terms declare that, under certain conditions, the liability of the owner of a vessel shall be limited to the extent therein described, and that the limitation may be enforced in any court, the remedy is confined to those cases over which courts of admiralty have jurisdiction.

To recover damages for personal injuries sustained by reason of the collision of a vessel with a pier in the city of New York, resort must be had to the courts of the State of New York, the District Courts of the United States having no jurisdiction over an action brought for that purpose.

APPEAL by the plaintiff, James W. Elwell, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of April, 1894, denying the plaintiff's motion for an injunction to restrain the defendants from prosecuting certain actions.

*Benedict & Benedict,* for the appellant.

*Christopher Fine,* for the respondents.

PARKER, J.:

The brig *Keystone*, of which the plaintiff is the principal owner, collided with the pier at the foot of Fifth street, New York, on the 21st day of April, 1884. At the moment of collision, Conrad and Charles Geibel, infants, were on this public pier, and in such a position

that they were caught between the anchor of the brig and a spile on the end of the pier and both were injured. In December, 1892, Conrad Geibel, by his guardian, commenced an action in this court against James W. Elwell, this plaintiff, to recover for the injury sustained. A little over a year later his brother, Charles Geibel, instituted an action against this plaintiff for a like purpose. About two weeks later this suit was begun against the plaintiffs in the actions referred to, its purpose being to limit the liability of the plaintiff herein under sections 4283, 4284 and 4285 of the Revised Statutes of the United States.

By the 4283d section, the liability of the owner of a vessel for " any loss, damage or injury by collision," or for " any act, matter or thing lost, damage or forfeiture done, occasioned or incurred without the privity or knowledge of such owner," is not to exceed the amount of the value of his interest in the vessel or her freight then pending.

By section 4284 such an owner is authorized to take appropriate proceedings " in any court for the purpose of apportioning the sum for which the owner of the vessel may be liable among the parties entitled thereto."

As the value of the interest of Mr. Elwell in the brig *Keystone* and her freight pending does not exceed $3,500, and the infants Geibel in their actions each claim to have sustained damages in a much larger sum than $3,500, the plaintiff insists that he is entitled in this suit on the equity side of the court to obtain the benefit of the statute limiting the liability of the owner in certain cases, and that such a result can only be accomplished by having it determined in one suit whether the damages sustained by them aggregate $3,500, and, if so, what proportion thereof each are entitled to recover. With that purpose in view the plaintiff, after his suit had been commenced, obtained an order to show cause why an injunction should not be granted restraining the prosecution of the actions brought on behalf of the infants to recover damages during the pendency of this suit.

The court having denied the injunction this appeal brings up for review the order entered thereon.

It is apparent that if the statute can be made available to plaintiff in this court, for the purpose of securing the benefit of the limita-

tion for which it provides, it can only be accomplished by means of a suit of this character through which there could be apportioned the value of plaintiff's entire interest in the brig in such portions as it should be adjudged the infants were severally entitled. And such a suit can only be made efficacious by a stay of the other actions during its pendency.

Such is the purpose of this suit, and it prompted the request for the injunction, which ought to have been granted, provided the suit be undoubtedly maintainable. If it were a case of first impressions, we might perhaps have reached the conclusion that, inasmuch as the statute provides that an owner may "take appropriate proceedings in any court," it ought not to be so construed as to bestow its intended benefits only upon such parties as should proceed or be in a position to proceed in a court of admiralty. But a different view seems to have been taken by the United States court, in so far as the decisions upon that subject have been brought to our attention.

In *Norwich Co.* v. *Wright* (13 Wall. 104, 123) Judge BRADLEY in his opinion says: "The act does not state what court shall be resorted to, nor what proceedings shall be taken, but that the parties, or any of them, may take "the appropriate proceedings in any court for the purpose of apportioning the sum for which," etc. "Now, no court is better adapted than a court of admiralty to administer precisely such relief. * * * Congress might have invested the Circuit Courts of the United States with jurisdiction of such cases by bill in equity, but it did not. It is also evident that the State courts have not the requisite jurisdiction. Unless, therefore, the District Courts themselves can administer the law, we are reduced to the dilemma of inferring that Congress has passed a law which is incapable of execution. We have no doubt that the District Courts, as courts of admiralty and maritime jurisdiction, have jurisdiction of the matter; and this court undoubtedly has the power to make all needful rules and regulations for facilitating the course of proceedings."

These observations of the learned justice were quoted and distinctly approved in *Providence & N. Y. S. Co.* v. *Hill Manufacturing Co.* (109 U. S. 578, 598). Such a construction operates of course to deny to this plaintiff any benefit whatever from

the statute, because, as the collision was with the pier instead of a vessel, the admiralty court has not jurisdiction to entertain an action to recover for injury done to the boys on the pier, or to carry into effect the limitation of liability for which the statute provides.

For such an injury resort must be had to the State courts. And in such a case, according to the decisions referred to, the benefits of the statute cannot be invoked in aid of the owner of a vessel, because it is said that the statute which created this right by implication prescribes that it shall be enforced only in the District Courts. In other words, that while the statute in express terms declares that, under certain conditions, the liability of an owner of a vessel shall be limited to the extent described, and that the limitations may be enforced in any court, still the remedy is confined to those cases of which courts of admiralty have jurisdiction.

The plaintiff in this suit presented this question in the Circuit Court of the United States in *Elwell* v. *Geibei et al.* (33 Fed. Rep. 71). The court, after considering the cases herein referred to, reached the conclusion that the Circuit Court of the United States was without jurisdiction to enforce the limitations of the statute.

The court further declared that the statute " created a new right, and, by implication, prescribed that it should be enforced in the District Court. The remedy is confined to the jurisdiction provided by the statute which created the right."

These authorities, we think, require an affirmance of the order.

The order should be affirmed, with ten dollars costs and printing disbursements.

FOLLETT, J., concurred; VAN BRUNT, P. J., concurred in result.

Order affirmed, with ten dollars costs and disbursements.