### SMITH et al. v. ATCHISON, T. & S. F. RY. CO.

(District Court, D. Kansas, Second Division. October 29, 1913.)

#### No. 188.

REMOVAL OF CAUSES (§ 19*)—ACTIONS ARISING UNDER INTERSTATE COMMERCE LAW.

An action for damages for negligent handling of an interstate shipment of cattle, an attorney's fee for bringing such action, the penalty for failing to stop the shipment and feed the cattle, an overcharge in freight, and an attorney's fee for suing therefor, was an action arising under the Interstate Commerce Act, within Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1092 [U. S. Comp. St. Supp. 1911, p. 136]) § 24, par. 8, giving United States District Courts jurisdiction of all suits arising under any law regulating commerce, except those of which exclusive jurisdiction is conferred upon the Commerce Court; and hence it was removable to the United States District Court under section 28, providing that any suit arising under the laws of the United States of which the District Courts are given original jurisdiction by that title may be removed to the proper District Court, though there was no diverse citizenship, since the Interstate

Commerce Act regulates the entire field of such commerce, and whatever rights plaintiff had were governed and controlled exclusively thereby.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 37–46, 48, 52, 53; Dec. Dig. § 19.*]

At Law. Action by J. W. Smith and others against the Atchison, Topeka & Santa Fé Railway Company. On motion by plaintiffs to remand to the state court. Motion overruled.

Hackney & Lafferty, of Winfield, Kan., for plaintiffs.

Wm. R. Smith, of Topeka, Kan., and J. E. Torrence, of Winfield, Kan., for defendant.

POLLOCK, District Judge. The facts alleged in the petition of plaintiffs, briefly stated, are as follows:

Plaintiffs shipped 33 cars of cattle over defendant's line of railway from the station of Panhandle in the state of Texas to the city of Guthrie in the state of Oklahoma. A copy of one of the bills of lading covering the shipment made is attached to and made part of plaintiffs' petition. The petition contains five counts. Under the first the plaintiffs seek to recover the sum of $11,905 by way of damages sustained by reason of the negligent manner in which the cattle were handled and transported by defendant company. Under the second, recovery is sought of an attorney's fee for bringing and prosecuting such action. Under the third, plaintiffs seek to recover $500 by way of penalty provided by law for the negligent acts charged by plaintiffs against defendant in the first count of the petition. Under count 4, to recover $200 alleged overcharges in freight on the shipment. Under the fifth, attorneys' fees for bringing and prosecuting an action for such recovery.

Defendant removed the case from the state court in which it was brought into this court. Plaintiffs have moved to remand.

As the parties are each and all citizens of this state no jurisdiction exists in this court on the ground of diversity of citizenship. If jurisdiction attached in this court by the removal taken, it must arise from the fact the action is one arising under the Interstate Commerce Act, and for that reason jurisdiction is conferred on this court by section 24 of the Judicial Code, which provides as follows:

Section 24, par. 8, provides:

Federal courts shall have jurisdiction "of all suits and proceedings arising under any law regulating commerce, except those suits and proceedings exclusive jurisdiction of which has been conferred upon the Commerce Court."

And which, for the reason this court has original jurisdiction of such controversy, may be removed into this court when instituted in a state court under the provisions of section 28 of the Code, which, among other things, provides, as follows:

"Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the District Courts of the United States are given original jurisdiction by this title, which may now be pending or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the District Court of the United States for the

proper district. Any other suit of a civil nature, at law or in equity of which the District Courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought, in any state court, may be removed into the District Court of the United States for the proper district, etc."

Does this case arise under the Interstate Commerce Act? This must be determined from the case made by the plaintiffs in their petition filed in the state court.

As seen by the above statement, the shipment of which complaint is made was an interstate shipment, and being of such nature the Congress has undertaken to regulate shipments of that character and the states are powerless to exercise any control over the same by laws they may enact, or through principles of the law enunciated by the courts of such states.

In so far as recovery is sought under the third and fourth counts by way of penalty in failing to stop the shipment and feed the cattle, and for overcharge in freight paid, and any attorneys' fees that may be recovered for the same, undoubtedly arise under the Interstate Commerce Act and were properly removable.

As to the right of action presented by plaintiffs in the first and second causes of action, as Congress has by the Interstate Commerce Act undertaken to regulate the entire field of such commerce, and has created the rights and remedies for the redress of wrongs suffered by interstate shippers, I am of the opinion the rights of plaintiffs, whatever they may be, are governed and controlled exclusively by said act, and any recovery sought by the plaintiffs must be in accordance with the provisions of said act. Nor. Pac. Ry. v. Washington, 222 U. S. 370, 32 Sup. Ct. 160, 56 L. Ed. 237; Southern Ry. Co. v. Reid, 222 U. S. 424, 32 Sup. Ct. 140, 56 L. Ed. 257; Second Employers' Liability Cases, 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; McGoon v. Northern Pacific Ry. Co. (D. C.) 204 Fed. 998.

It follows, the controversies of plaintiffs with defendant were such as are removable.

The motion to remand is therefore overruled.