TULLAR & TULLAR v. ILLINOIS CENT. R. CO.

(District Court, N. D. Iowa, W. D.    April 28, 1914.)

No. 66.

1. ACTION (§ 47*)—CAUSES OF ACTION—JOINDER.

Plaintiff was authorized, by Code Iowa 1897, §§ 3545, 3559 (5), to join in the same action in different counts a cause of action against a carrier for an overcharge in freight and for switching and a cause of action for damages for shrinkage in value and expense of extra feed for animals transported, due to defendant's alleged neglect in failing to transport them to destination in due time.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 469, 470, 472–489; Dec. Dig. § 47.*]

2. REMOVAL OF CAUSES (§ 2*)—SEPARABLE CONTROVERSY CLAUSE—EFFECT.

The separable controversy clause of the removal act (Judicial Code [Act March 3, 1911, c. 231, 36 Stat. 1094 (U. S. Comp. St. Supp. 1911, p. 141)] § 28) does not enlarge the previous clauses of the section which particularly specify the suits which may be removed, but provides only that, if "in any suits" mentioned in the section there should be a controversy wholly between citizens of different states, the entire suit might be removed by a defendant or defendants actually interested in such controversy to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 2, 3; Dec. Dig. § 2.*]

3. COURTS (§ 263*)—FEDERAL COURTS—JURISDICTION.

Where a suit is brought originally in a federal District Court on both federal and nonfederal grounds, the court may not rightfully retain that part of the suit based on the nonfederal ground, unless that ground is merely incidental to the federal ground.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 799, 800; Dec. Dig. § 263.*]

4. REMOVAL OF CAUSES (§ 49*)—JURISDICTION—DIFFERENT CAUSES OF ACTION.

Plaintiffs brought suit against defendant railroad company in the state court, alleging two causes of action, one for an excess freight charge on a shipment of live poultry from Storm Lake, Iowa, to Chicago, Ill., for $9 overcharge for switching the car, and another for $47 as damages for shrinkage in value and for expense of extra feed for the poultry in transit, due to defendant's alleged neglect in failing to carry the car to destination in due time. *Held* that, since federal jurisdiction did not obtain in any event as to the second cause of action, the suit was not removable, though the first cause of action alone might have been removable, as arising under the act to regulate commerce as amended.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 95–99; Dec. Dig. § 49.*]

At Law.   Action by Tullar & Tullar against the Illinois Central Railroad Company.   On motion to remand.   Granted.

Faville & Whitney, of Storm Lake, Iowa, for plaintiffs.
Helsell & Helsell, of Fort Dodge, Iowa, for defendant.

REED, District Judge.   This action was commenced in the state court in July, 1913, by the plaintiffs to recover from the defendant railroad company less than $100.   The petition is in two counts.   The first claims $39 for the rental of a car, or freight exacted by the defendant from plaintiffs upon the shipment of a car load of live poultry from

Storm Lake, Iowa, to Chicago, Ill., over defendant's road, in excess of the regular rate for such shipment, and $9 overcharge for switching the car in Chicago. The second claims $47 as damages for the shrinkage in value and for expense of extra feed for, and care of, the poultry in transit, because of the alleged neglect of the defendant in failing to carry the car to its destination in due time. Judgment is asked for $90.75, with interest and costs.

The defendant removed the action to this court in November, 1913, upon the sole ground that the cause of action alleged in each count of the petition arises under the interstate commerce act of Congress as amended by that part of the act of June 29, 1906, commonly called the Carmack amendment.

The record has been filed in this court, and plaintiffs move to remand upon the ground that the cause of action alleged in each count of the petition is not one that arises under the act to regulate commerce or any amendment thereof, and that this court has no jurisdiction of the action.

Conceding, without deciding, that the first count of the petition sufficiently shows upon its face that it is to recover for freight charged by defendant upon an interstate shipment of property in excess of the schedule of rates filed by it with the Interstate Commerce Commission, an action to recover alone for such claim might be upon a cause of action, directly traceable to a violation of the act to regulate commerce under section 24 (8) of the Judicial Code, and one that might be removed from the state court to this court under section 28 of that Code. But the second count, being for the recovery of damages arising from the alleged negligent delay of the defendant in carrying the shipment to its destination, is not upon a cause of action traceable to any violation of the act to regulate commerce, and the action to recover therefor, being for less than $3,000, is not one that may be removed from the state court to the federal court. Storm Lake Tub & Tank Factory v. M. & St. L. Ry. Co. (D. C.) 209 Fed. 895. And see Smeltzer v. St. Louis & S. F. R. R. Co. (C. C.) 168 Fed. 420–424.

[1] Under the Iowa practice act, the plaintiffs may rightly sue the defendant upon both causes of action in one petition, alleging each cause of action in a separate count thereof as they have done. Code of Iowa (1897) §§ 3545, 3559 (5).

May this action, as so brought, be removed from the state court to this court? It is not removable either under the first or second clause of the removal act Section 28, Judicial Code. If removable at all, it must be under the third clause of that section, which reads in this way:

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the District Court of the United States for the proper district."

[2] This is the separable controversy clause of the removal act of March 3, 1875, c. 137, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 509). It does not enlarge the previous clauses of

the section which particularly specify the suits that may be removed from the state court, but provides only that, when, "in any suits mentioned in this section," there shall be a controversy which is wholly between citizens of different states, the suit may be removed by a defendant or defendants actually interested in such controversy to the proper federal court. Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514; Coal Company v. Blatchford, 11 Wall. 172, 20 L. Ed. 179; Case of the Sewing Machine Cos., 18 Wall. 553, 574, 575, 21 L. Ed. 914; Blake v. McKim, 103 U. S. 336, 338, 26 L. Ed. 563; In re Pennsylvania Co., 137 U. S. 451, 11 Sup. Ct. 141, 34 L. Ed. 738; Mississippi Mills Co. v. Cohn, 150 U. S. 202, 209, 14 Sup. Ct. 75, 37 L. Ed. 1052; Mexican National R. R. Co. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672.

In Barney v. Latham, above, the suit was brought by the plaintiffs, citizens of Minnesota and Indiana, respectively, in the state court of Minnesota against a number of individuals, citizens of other states, and the Winona & St. Peter Land Company, a Minnesota corporation. The individual defendants removed the suit to the federal court upon the ground that there was a separable controversy therein between them and the plaintiffs, which could be fully determined as between them without the presence of the land company. The removal was upheld by the Supreme Court, upon the ground, alone, that the land company was not a necessary party to the suit, as between the plaintiffs and the individual defendants; though some of its stockholders might be interested in the result, the land company, as a corporation, was not. Upon the contention of the plaintiffs that the land company was a proper, though not an indispensable, party to the full determination of the controversy, Mr. Justice Harlan, speaking for the court, said:

"Those are matters more properly for the determination of the trial court —that is, the federal court—after the cause is there docketed. If that court should be of opinion that the suit is obnoxious to the objection of multifariousness or misjoinder, and for that reason should require the pleadings to be reformed both as to subject-matter and parties, according to the rules and practice which obtain in the courts of the United States, and if, when that is done, the cause does not really and substantially involve a dispute or controversy within the jurisdiction of that court, it can * * * dismiss the suit, or remand it to the state court as justice requires."

See, also, Blake v. McKim, 103 U. S. 336, 338, 26 L. Ed. 563.

The clause has no reference to suits upon different causes of action between a plaintiff and a single defendant, some of which causes are not cognizable in the courts of the United States; for these courts have no authority to determine any controversy not rightly within their jurisdiction.

Counsel for defendant cite McGoon v. Northern Pacific Ry. Co. (D. C.) 204 Fed. 998, and a number of other cases, including Smith v. A., T. & S. F. Ry. Co. (D. C.) 210 Fed. 988 (decided October 29, 1913, but not reported until April 9, 1914, in 210 Fed. 988, and subsequent to the decision in Storm Lake Tub & Tank Factory v. M. & St. L. Ry. Co., above), and insist that the federal courts have exclusive jurisdiction of both causes of action alleged in the plaintiff's petition. But the jurisdiction of the federal court (if any) of either of said causes of action is concurrent only with that of the state courts of competent

jurisdiction. Mondou v. Ry. Co., 223 U. S. 1, 32 Sup. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 144; Galveston, etc., Ry. Co. v. Wallace, 223 U. S. 481. 490, 32 Sup. Ct. 205, 56 L. Ed. 516; Darnell v. Ill. Cent R. R. Co., 225 U. S. 243, 245, 32 Sup. Ct. 760, 56 L. Ed. 1072; Smeltzer v. St. Louis & S. F. Ry. Co. (C. C.) 168 Fed. 420, 424; section 16 of the act to regulate commerce (Act Feb. 4, 1887, c. 104, 24 Stat. 384 [U. S. Comp. St. 1901, p. 3165]), as amended by Act June 18, 1910, c. 309, 36 Stat. 554 (U. S. Comp. St. Supp. 1911, p. 1303).

In Smith v. A., T. & S. F. Ry. Co., it appears that the suit was brought in the state court to recover: (1) $11,900, damages for the alleged negligence of the defendant railway company in carrying 33 car loads of cattle from some point in Texas to Guthrie, Okl.; (2) $500 as a penalty provided by law for said alleged negligence in carrying the cattle, and an attorney's fee of $500 for prosecuting such cause of action; (3) $200 overcharge of freight upon the shipment; and an attorney's fee for prosecuting such cause of action. It does not appear under what law it is sought to recover the $500 as an alleged penalty for defendant's neglect in carrying the cattle; but the alleged overcharge of freight upon the shipment is one that may arise from a violation of the act to regulate commerce, and within the jurisdiction of the federal court, and if that is established there might be a recovery of an attorney's fee as a part of the costs in such proceeding. But the claim for $11,900 as damages to the cattle would not be one arising from any violation of the act to regulate commerce. Atlantic Coast Line R. R. Co. v. Riverside Mill, 219 U. S. 186, 208, 31 Sup. Ct. 164, 55 L. Ed. 167, 31 L. R. A. (N. S.) 7. It does not appear from the opinion that recovery is sought for an injury occurring upon the line of a connecting carrier to whom the cattle may have been delivered by the defendant as the initial carrier to be carried to their destination, but the fair inference from the opinion is that the loss occurred upon the line of the defendant as the primary carrier. Assuming, without admitting or deciding, that the injury to the cattle occurred upon the line of a connecting carrier, and that the liability of the defendant for such loss arises under the Carmack amendment, as a law of the United States, the amount sought to be recovered viz., $11,900, would be sufficient to confer jurisdiction upon the federal court of such a cause of action, as well as upon the cause of action for the overcharge of freight on the shipment. In any event, the case, upon its facts, furnishes no support for the removal of this cause from the state court. The removal act (Judicial Code, § 28) only permits the removal of a suit that might have been brought originally in the District Court of the United States.

[3] If a suit is brought originally in a District Court of the United States upon both federal and nonfederal grounds, that court may not rightly retain that part of the suit based upon the nonfederal ground unless that ground is merely incidental to the federal ground. Mississippi Mills Co. v. Cohn, 150 U. S. 202, 209, 14 Sup. Ct. 75, 37 L. Ed. 1052; Independent School District v. Rew, 111 Fed. 1, 5, 49 C. C. A. 198, 55 L. R. A. 364 (Court of Appeals, this circuit); McNulty v. Connecticut Mutual Life Ins. Co. et al. (C. C.) 46 Fed. 305, 306. Upon what theory, then, can it be successfully maintained that a federal

court may acquire or retain jurisdiction of a nonfederal cause of action by removal of a suit in which recovery is sought thereon from the state court to the federal court?

[4] It is the right of a plaintiff (as many times held by the Supreme Court) to prosecute his action at law, to recover upon the ground of negligence, in his own way in any court having jurisdiction of the causes of action upon which he seeks a recovery; and it is not the right of the sole defendant, at least in such action, to compel him, by removal of the suit or otherwise, to split his suit into parts and prosecute one part in one court and another part in some other court.

It may be that, if the main or principal purpose of a suit in the state court is to recover upon a federal cause of action, the joinder therewith by the plaintiff of a nonfederal cause of a trifling character or amount will not prevent the removal of the suit, if it would otherwise be removable; for that might indicate a bad-faith purpose to defeat the federal jurisdiction. On the other hand, if the main, or a principal, purpose of a suit in the state court is in good faith to recover upon a nonfederal cause of action, the uniting therewith of a federal cause of action of a small or trifling amount will not confer federal jurisdiction. Such questions, however, may be left for determination until they shall properly arise.

The right to remove a suit from a state court to a federal court exists in certain enumerated classes of cases only, even though the federal courts may have jurisdiction of the causes of action therein alleged, or some of them (Chesapeake & O. R. Co. v. Cockrell, 232 U. S. 146, 34 Sup. Ct. 278, 279, 58 L. Ed. ——); and, unless the suit falls within some of the enumerated classes, it is not one that may be removed from the state court. The state court has undoubted jurisdiction of the entire suit in question; this court has not, and the suit does not fall within any of the enumerated classes of suits that may be removed, and was not therefore rightly removed from the state court.

The motion to remand is sustained, and the cause is remanded to the state court from which it was removed.

It is accordingly so ordered.