## COLUMBUS CONSTRUCTION COMPANY *v.* CRANE COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 462. Submitted April 17, 1899. — Decided May 22, 1899.

The judiciary act of March 3, 1891, c. 517, 26 Stat. 826, does not contemplate several separate appeals or writs of error, on the merits, in the same case and at the same time to two appellate courts, and therefore the writ in this case in this court, which was taken while the case was pending in the Circuit Court of Appeals, is dismissed.

In May, 1891, the Columbus Construction Company, a corporation of the State of New Jersey, brought in the Circuit Court of the United States for the Northern District of Illinois an action at law against the Crane Company, a corporation of the State of Illinois. The case was put at issue, and the trial resulted in a verdict and judgment in favor of the plaintiff in the sum of $48,000. This judgment was reversed by the Circuit Court of Appeals upon a writ of error sued out by the defendant. 46 U. S. App. 52. Thereafter the case was again tried and resulted in a verdict and judgment in favor of the defendant, upon a plea of set-off, in the sum of $98,085.94, as of the date of March 2, 1898.

On the 25th day of August, 1898, a writ of error to reverse this judgment was sued out by the plaintiff from the Circuit Court of Appeals of the Seventh Circuit, where the case is now pending.

On the 27th day of September, 1898, the plaintiff also sued out a writ of error from this court. On April 17, 1899, the defendant in error filed a motion to dismiss this writ of error; and on the same day the plaintiff in error filed a petition for a writ of certiorari to the Circuit Court of Appeals of the Seventh Circuit.

*Mr. Charles S. Holt, Mr. Russell M. Wing* and *Mr. Thomas L. Chadbourne, Jr.,* for the motion.

*Mr. J. R. Custer* and *Mr. S. S. Gregory* opposing.

MR. JUSTICE SHIRAS, after making the foregoing statement, delivered the opinion of the court.

This record discloses that there are pending two writs of error to the judgment of the Circuit Court — one in the United States Circuit Court of Appeals for the Seventh Circuit, sued out on the 25th day of August, 1898, and one in this court, sued out on the 27th day of September of the same year. It also appears that the jurisdiction of the Circuit Court is not in question, but the contention is that that court erred in the exercise of its jurisdiction.

We are of the opinion that the act of March 3, 1891, c. 517, 26 Stat. 826, under which these writs of error were sued out, does not contemplate several separate appeals or writs of error, on the merits, in the same case and at the same time to two appellate courts, and that, therefore, the writ in this court, which was taken while the case was pending in the Circuit Court of Appeals, ought to be dismissed.

Such a question was considered by this court in *McLish v. Roff*, 141 U. S. 661, 667.

That was a case of a writ of error from this court to the United States court for the Indian Territory, where a suit was pending and undecided, and the object of the writ was to get the opinion of this court on the question whether the lower court had jurisdiction of the suit. This court held that it was not competent for a party denying the jurisdiction of the trial court to bring that question here on a writ of error sued out before final judgment, and the writ was accordingly dismissed.

In the opinion, read by Mr. Justice Lamar, it was said:

"It is further argued, in support of the contention of the plaintiff in error, that if it should be held that a writ of error would not lie upon a question of jurisdiction until after final judgment, such ruling would lead to confusion and absurd consequences; that the question of jurisdiction would be certified to this court, while the case on its merits would be cer-

tified to the Circuit Court of Appeals; that the case would be before two separate appellate courts at one and the same time; and that the Supreme Court might dismiss the suit upon the question of jurisdiction while the Circuit Court of Appeals might properly affirm the judgment of the lower court upon the merits. The fallacy which underlies this argument is the assumption that the act of 1891 contemplates several separate appeals in the same case, and at the same time to two appellate courts. No such provision can be found in the act, either in express terms or by implication. The true purpose of the act, as gathered from its context, is that the writ of error, or the appeal, may be taken only after final judgment, except in the cases specified in section 7 of the act. When that judgment is rendered, the party against whom it is rendered must elect whether he will take his writ of error or appeal to the Supreme Court upon the question of jurisdiction alone, or to the Circuit Court of Appeals upon the whole case; if the latter, then the Circuit Court of Appeals may, if it deem proper, certify the question of jurisdiction to this court."

We think the main purpose of the act of 1891, which was to relieve this court of an enormous overburden of cases by creating a new and distinct court of appeals, would be defeated, if a party, after resorting to the Circuit Court of Appeals and while his case was there pending, could be permitted, of his own motion, and without procuring a writ of certiorari, to bring the cause into this court.

Moreover, it is evident that such a movement is premature, for the controversy may be decided by the Circuit Court of Appeals in favor of the plaintiff in error, and thus his resort to this court be shown to have been unnecessary.

*Pullman's Palace Car Co.* v. *Central Transportation Co.,* 171 U. S. 138, is referred to as a case in which there was pending at the same time an appeal from a decree of the Circuit Court to the Circuit Court of Appeals and to this court. An obvious distinction between that case and this is that there the appeal was first taken to this court. Accordingly the Circuit Court of Appeals declined either to decide the case on its merits or

to dismiss the appeal, while the case was pending on a prior appeal to this court, and continued the cause to await the result of the appeal to the Supreme Court. 39 U. S. App. 307.

Without, therefore, considering other grounds urged in the brief of the defendant in error on its motion to dismiss, we think a due regard for orderly procedure calls for a dismissal of the writ of error.

*Dismissed.*