# CINCINNATI, HAMILTON AND DAYTON RAIL-ROAD COMPANY v. THIEBAUD.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 259. Argued April 24, 1900. — Decided May 14, 1900.

## SAME v. SAME.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTH-ERN DISTRICT OF OHIO.

No. 271. Submitted April 24, 1900.—Decided May 14, 1900.

A record showing an instruction by the Circuit Court directing a jury that the plaintiff is entitled to recover in his action under a state law, upon which the plaintiff relies for recovery, to which instruction a general exception is reserved by the defendant, does not disclose a case in which it is claimed that the law of a State is in contravention of the Constitution of the United States, within the meaning of section 5, of the act of March 3, 1891, where the record of the Circuit Court does not affirmatively show that any issue as to the statute was raised by the pleadings, and where the record does not affirmatively show that said exception to said instruction was upon the ground that said statute was in contravention of the Constitution of the United States, or that the constitutionality of said statute was otherwise presented or considered or passed upon by the Circuit Court.

The act of March 3, 1891, does not contemplate several separate appeals or writs of error, on the merits in the same case and at the same time to or from two appellate courts, and the record in No. 271 falls within this rule.

THE certificate in No. 259 reads as follows:

"This was an action brought by Benj. F. Thiebaud, a citizen of Indiana, as administrator of Chris. Sweetman, deceased, appointed by the Circuit Court of Fayette County, Indiana, against the C., H. and D. R. R. Co., a corporation and citizen of Ohio, to recover damages for the wrongful death of said Chris. Sweetman, who, while employed as a locomotive engineer by said·company, on an engine drawing its pay car, was, without

fault on his part, killed in a collision between his engine and that of a freight train. The collision was caused by the negligence of the conductor and engineer of the freight train. The court charged the jury, among other things, that inasmuch as the deceased had been killed through the negligence of fellow-servants, the defendant would probably not be liable at common law, but that it was liable for the negligence charged and admitted under the act of the general assembly of Indiana, approved March 4, 1893, entitled ' An act regulating the liability of railroad and other corporations, except municipal, for personal injuries to persons employed by them,' etc. Laws of Indiana, 1893, p. 294; Rev. Stat. Ind. secs. 7083–7087. Upon which act the plaintiff relied for recovery ; to which charge the defendant excepted.

" The record does not show upon what ground said exception was taken and does not show that said exception was upon the ground that the statute contravenes the Constitution of the United States, or that the constitutionality of the statute was otherwise raised or considered or decided by the Circuit Court. The statute is not mentioned in any of the pleadings. The record shows other exceptions taken, duly assigned for error, which do not raise any constitutional question, and which may require the reversal of the judgment of the Circuit Court without reference to any constitutional question.

" The jury rendered a verdict in favor of the plaintiff, and judgment was entered thereon.

" Thereafter the defendant brought the case, by writ of error, to this court, and assigned for error :

" 1. That the court erred in charging the jury that the defendant was liable under the act of the general assembly of Indiana, approved March 4, 1893.

" 2. That said act is in contravention of the Fourteenth Amendment of the Constitution of the United States.

" 3. That said act is in contravention of the constitution of the State of Indiana and especially of article 11, section 23, of article 4, sections 19 and 23 thereof.

" 4. That the court erred in overruling the defendant's motion to dismiss the action for want of jurisdiction.

" 5. That the court erred in refusing to permit the defendant to put the following question to the witness, Charles M. Cist: ' Where were those personal effects at the time you made your application ? '

" 6. That the court erred in ruling out and excluding the testimony offered by the defendant to show that plaintiff's administration was not based upon any personal estate in Fayette County, Indiana, other than the claim sued on.

" Thereupon the defendant in error moved in this court to dismiss the case for want of jurisdiction, on the ground that it is a case in which it is claimed that the statute of a State is in contravention of the Constitution of the United States, and that, therefore, under section 5 of the act of Congress approved March 3, 1891, (26 Stat. 826,) the writ of error should be taken from the Supreme Court of the United States and not from this court.

" The court is in doubt whether the case is within the provisions of said section of the act of Congress, and, therefore, upon the foregoing statement of facts it is ordered that the following questions be certified to the Supreme Court of the United States for its instructions :

" 1. Has the Circuit Court of Appeals jurisdiction of a writ of error to the Circuit Court in a case in which it is claimed that a law of a State is in contravention of the Constitution of the United States, where the record presents other questions not involving the Constitution of the United States ?

" 2. Has the Circuit Court of Appeals jurisdiction of a writ of error to the Circuit Court in a case in which it is claimed that a law of a State is in contravention of the Constitution of the United States, where the record presents other questions not involving the Constitution of the United States, which might require a reversal of the judgment without reference to such constitutional question ?

" 3. Does a record showing an instruction by the Circuit Court directing a jury that the plaintiff is entitled to recover in his action under a state law, upon which the plaintiff relies for recovery, to which instruction a general exception is reserved by the defendant, disclose a case in which it is claimed that the

law of a State is in contravention of the Constitution of the United States, within the meaning of section 5 of the act of March 3, 1891, where the record of the Circuit Court does not affirmatively show that any issue as to the statute was raised by the pleadings, and where the record does not affirmatively show that said exception to said instruction was upon the ground that said statute was in contravention of the Constitution of the United States, or that the constitutionality of said statute was otherwise presented or considered or passed upon by the Circuit Court?

"4. If it be considered that such record in the Circuit Court does not disclose a case in which a law of a State is claimed to be in contravention of the Constitution of the United States, but such claim is made, so far as the record shows, for the first time in the Circuit Court of Appeals by assignment of error, and is insisted upon at the bar, has the Circuit Court of Appeals jurisdiction in error to hear and determine the constitutional question raised by such claim?"

No. 271 is a writ of error to the Circuit Court of the United States for the Southern District of Ohio to review the judgment referred to in the certificate. In the petition for the writ, defendant set forth that "having duly prosecuted the writ of error heretofore allowed by the court to the United States Circuit Court of Appeals for the Sixth Circuit, the plaintiff in this case, being the defendant in error, filed a motion in said Circuit Court of Appeals to dismiss said writ of error upon the ground that the same should have been taken to the Supreme Court of the United States instead of to the United States Circuit Court of Appeals, and that said Circuit Court of Appeals was therefore without jurisdiction upon said writ of error. Said Circuit Court of Appeals, being in doubt whether it has jurisdiction, has certified certain questions to the Supreme Court of the United States. In view of said proceedings, the defendant, being now in doubt as to whether said writ of error to the United States Circuit Court of Appeals was properly allowed, but without prejudice to said proceeding in error, if it shall hereafter be determined that the same was properly taken, and that the Circuit Court of Appeals has jurisdiction thereof, now prays for a writ

of error to the Supreme Court of the United States, and assigns for error:" [Here followed the assignment of errors.]

Thereupon the Circuit Court entered this order:

"This cause came on to be heard upon the defendant's petition for the allowance of a writ of error to the Supreme Court of the United States; on consideration whereof, and it being known to the court that the facts stated in said petition with reference to the writ of error formerly allowed to the Circuit Court of the United States for the Sixth Circuit are true, and it being doubtful whether a writ of error should be taken to the Supreme Court of the United States or to the United States Circuit Court of Appeals, said petition is now granted and a writ of error, as prayed, is allowed to the Supreme Court of the United States."

The cases came on to be heard and were argued and submitted together.

*Mr. Lawrence Maxwell, Jr.*, for plaintiff in error in Nos. 259 and 271.

*Mr. Harlan Cleveland* and *Mr. Charles M. Cist* for defendant in error in No. 259. *Mr. Edgar W. Cist* was on their brief.

*Mr. Harlan Cleveland, Mr. Charles M. Cist* and *Mr. Edgar W. Cist* for defendant in error in No. 271.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

When our jurisdiction is invoked under section 5 of the judiciary act of March 3, 1891, c. 517, on the ground that the case falls within the fourth, fifth or sixth of the classes of cases therein enumerated, it must appear that a title, right, privilege or immunity was claimed under the Constitution, and a definite issue in respect to the possession of the right must be distinctly deducible from the record; or that the constitutionality of the particular law or the validity or construction of the particular treaty was necessarily and directly drawn in question; or that the constitution or law of a State was distinctly claimed to be

in contravention of the Constitution of the United States; and it is not sufficient that the point is raised in the assignment of errors. *Ansbro* v. *United States*, 159 U. S. 695; *Cornell* v. *Green*, 163 U. S. 75; *Muse* v. *Arlington Hotel Company*, 168 U. S. 430; *Miller* v. *Cornwall Railroad*, 168 U. S. 131.

The certificate shows that no question as to the constitutionality of the statute of Indiana, relied on by the plaintiff below, was raised or considered or decided in the Circuit Court, but that the objection made its appearance for the first time in the assignment of errors in the Circuit Court of Appeals.

In *Carter* v. *Roberts*, ante, p. 496, it was held that when cases arise which are controlled by the construction or application of the Constitution of the United States, a direct appeal lies to this court, and if such cases are carried to the Circuit Courts of Appeals, those courts may decline to take jurisdiction; or, where such construction or application is involved with other questions, may certify the constitutional question and afterwards proceed to judgment; or may decide the whole case in the first instance. But when the Circuit Court of Appeals has acted on the whole case, its judgment stands unless revised by certiorari to or appeal from that court in accordance with the act of March 3, 1891. *Robinson* v. *Caldwell*, 165 U. S. 359; *Holt* v. *Indiana Manufacturing Company*, 176 U. S. 68; *United States* v. *Jahn*, 155 U. S. 109; *New Orleans* v. *Benjamin*, 153 U. S. 411; *Benjamin* v. *New Orleans*, 169 U. S. 161.

The third question propounded in the certificate must be answered in the negative, and we do not deem it necessary to answer the others.

The writ of error in No. 271 was brought while the case was pending in the Circuit Court of Appeals on writ of error from that court. The whole case was open on each writ for review on the merits.

In *Columbus Construction Company* v. *Crane Company*, 174 U. S. 600, it was laid down that the act of March 3, 1891, does not contemplate several separate appeals or writs of error, on the merits, in the same case and at the same time to or from two appellate courts; and as the record disclosed in that case that two writs of error to the judgment of the Circuit Court

were pending, one in the Circuit Court of Appeals and the other and subsequent writ in this court, the latter was dismissed. The writ of error in No. 271 falls within this rule.

*The third question propounded in No. 259 is answered in the negative.*

*The writ of error in No. 271 is dismissed.*

MR. JUSTICE HARLAN and MR. JUSTICE WHITE were not present at the argument and took no part in the decision.