## R. J. DARNELL (INCORPORATED) *v.* ILLINOIS CENTRAL RAILROAD COMPANY.

### ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TENNESSEE.

No. 887.   Submitted April 1, 1912.—Decided June 7, 1912.

Under § 5 of the act of 1891, the jurisdiction of the Federal court as such must be involved.   The direct writ will not lie if the question is one which might arise in a court of general jurisdiction, such as insufficiency of the pleadings.

Under the act of June 18, 1910, 36 Stat. 539, 554, c. 309, the state courts as well as the appropriate Federal courts can take cognizance of a claim based on an award of reparation of the Interstate Commerce Commission.

Whether plaintiff's declaration in a case for reparation for excessive rates is sufficient without an averment of previous action by the Interstate Commerce Commission is a question which would arise in any court, state or Federal, in which the case was brought and does not go to the jurisdiction of the Federal court as such; a direct writ of error therefore will not lie from this court under § 5 of the Court of Appeals Act of 1891.

Writ of error from 190 Fed. Rep. 656, dismissed.

THE facts, which involve the construction of § 5 of the act of 1891 and direct appeals thereunder to this court, are stated in the opinion.

*Mr. Charles N. Burch* and *Mr. Blewett Lee* for defendants in error, in support of the motion.

*Mr. W. A. Percy,* for plaintiff in error, in opposition thereto.

Memorandum opinion by direction of the court. By
MR. CHIEF JUSTICE WHITE.

*On motion to dismiss:* Plaintiff in error, a Tennessee
corporation, was the plaintiff below. One of the defend-
ants is an Illinois and the other a Mississippi corporation.
The action was commenced on June 24, 1911, to recover
the excess over a reasonable rate exacted by the defend-
ants from the plaintiff for the carriage of hard-wood lum-
ber, such excess being alleged to be two cents per hundred
pounds on more than thirty-five million pounds of such
lumber shipped by plaintiff between January 20, 1905,
and August 1, 1908. It was averred that the excess of
the rate exacted over what would have been a reasonable
rate to the extent claimed had been determined by the
Interstate Commerce Commission in a proceeding before
that body by shippers of hard-wood lumber other than
the plaintiff, and that in consequence of the order of the
Commission made in the proceeding referred to a reason-
able rate had been made effective by the defendants on
August 1, 1908. A demurrer of both the defendants was
sustained, for the reason that the declaration failed to
allege that plaintiff had made application for reparation
to the Interstate Commerce Commission, and that this
right to reparation had been sustained by that body.
The plaintiff declining to plead further, a judgment of
dismissal was entered. Thereafter the court filed a cer-
tificate to the effect that the cause had been dismissed
solely upon the ground of want of jurisdiction. This
direct writ of error was then sued out.

The motion to dismiss must prevail. As stated in the
certificate of the court below, the order of dismissal was
"based solely on the ground that the declaration  . . .
discloses the infraction of no right arising under or out
of the Federal laws or Constitution, of which this court
now has jurisdiction." It is plain, from the record, that

this was but the equivalent of saying that the declaration did not state a cause of action because of the failure to allege the existence of a supposed condition precedent to recovery in a court of law, viz: a finding by the Interstate Commerce Commission that a right to reparation was possessed by the plaintiff. But the right to take cognizance of a claim based upon an award of reparation made by the Commission is not confined solely to an appropriate Circuit Court of the United States, but is equally possessed by state courts having general jurisdiction. See amendment to § 16 of the Act to Regulate Commerce resulting from the act of June 18, 1910, chap. 309, 36 Stat. 539, 554. Under these circumstances it is clear that the question of whether the plaintiff was entitled to the relief prayed in the absence of an averment of previous action by the Interstate Commerce Commission involved merely the determination of whether there was a cause of action stated, and hence that under these circumstances this issue did not call in question the jurisdiction of the court below, as a Federal court, becomes equally clear when it is considered that exactly the same question concerning the sufficiency of the averments to justify affording relief would have arisen for decision had the suit been pending in a state court of general authority having jurisdiction over the person. When the controversy comes to be rightly understood, it is obvious that its determination was within the scope of the jurisdiction of the court below, and that its decision on the issue presented is susceptible of being reviewed in the regular course of judicial proceeding and does not come within the purview of the authority to directly review in certain cases conferred upon this court by the act of 1891. *Bache v. Hunt,* 193 U. S. 523; *Fore River Shipbuilding Company v. Hagg,* 219 U. S. 175; *United States v. Congress Construction Company,* 222 U. S. 199.

*Writ of error dismissed.*