### DARNELL v. ILLINOIS CENT. R. CO. et al.

(Circuit Court of Appeals, Sixth Circuit.    June 3, 1913.)

No. 2,381.

APPEAL AND ERROR (§ 347\*)—JURISDICTION OF CIRCUIT COURT OF APPEALS— TIME FOR TAKING PROCEEDINGS FOR REVIEW—COMPUTATION.

Under Circuit Court of Appeals Act March 3, 1891, c. 517, § 11, 26 Stat. 829 (U. S. Comp. St. 1901, p. 552), requiring an appeal to or writ of error from such court to be taken or sued out within six months after the entry of the judgment or decree sought to be reviewed, which requirement is jurisdictional, in computing such six months the time of the pendency of proceedings for review in the Supreme Court, which were dismissed for want of jurisdiction, cannot be excluded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1897–1899; Dec. Dig. § 347.\*

Jurisdiction of Circuit Courts of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action at law by R. J. Darnell against the Illinois Central Railroad Company and the Yazoo & Mississippi Valley Railroad Company. Judgment for defendants, and plaintiff brings error. On motion to dismiss for want of jurisdiction. Motion sustained.

H. D. Minor and C. N. Burch, both of Memphis, Tenn. (B. Lee and C. L. Sivley, both of Chicago, Ill., of counsel), for plaintiff in error.

T. K. Riddick, of Memphis, Tenn., for defendants in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge. Plaintiff in error brought an action in the District Court to recover alleged excessive freight charges. On June 30, 1911, the court sustained a demurrer to his declaration. Conceiving that the question involved was one of jurisdiction, plaintiff took a writ of error returnable to the Supreme Court. That court decided that the record did not present a question of the jurisdiction of the District Court as a federal court, and dismissed the writ of error. Darnell v. Railroad, 225 U. S. 243, 32 Sup. Ct. 760, 56 L. Ed. 1072. Plaintiff then, and on August 3, 1912, took a writ of error from this court. Excluding the time between the allowance and the dismissal of the writ of error from the Supreme Court, less than 6 months elapsed between the judgment below and the allowance of the present writ; including that time, the total interval was about 13 months. The matter is now before us on defendant's motion to dismiss this writ because not taken within the prescribed 6 months.

Inasmuch as it is clear under section 11 of the Court of Appeals Act (26 Stat. 829 [U. S. Comp. St. 1901, p. 552]) that we have no jurisdiction to entertain a writ of error unless it is sued out within 6 months after the entry of the judgment sought to be reviewed, the sole question here must be whether, in the computation of that 6 months, we may exclude the time during which plaintiff was attempting to pursue his mistaken remedy in the Supreme Court. To establish the right to this exclusion, plaintiff in error relies chiefly upon the decisions of the Supreme Court in Ensminger v. Powers, 108 U. S. 292, 2 Sup. Ct. 643, 27 L. Ed. 732, and Pacific R. R. Co. v. Missouri Pacific R. R. Co., 111 U. S. 520, 4 Sup. Ct. 583, 28 L. Ed. 498. In Ensminger v. Powers it was held that, in computing the time limitation for filing in the Circuit Court a bill of review, that period should be excluded during which an appeal had been pending in the Supreme Court. The case is distinguishable from the present one in two respects: First, the rule with regard to filing bills of review was a self-imposed limitation, and not a fixed and necessary condition of the statute upon which alone jurisdiction rests; second, the appeal which had been taken was authorized, and, as matter of law, unquestionably operated to remove the entire case to the Supreme Court, and the case rightfully remained in the Supreme Court until dismissed therefrom for noncompliance with the Supreme Court rules. The jurisdiction of the Supreme Court was perfect, but it was defeated on condi-

tion subsequent; while in cases like the present the jurisdiction of the Supreme Court was always fatally defective because of a missing condition precedent. The same considerations apply to the holding in Pacific R. R. v. Missouri Pacific R. R. That was a case in equity involving the doctrine of laches, not a statutory jurisdictional condition, and the appeal, the effect of which was considered, had been subject to no jurisdictional defect.

These decisions do not justify us in departing from the strictness with which a statutory limit upon the right to review has always been enforced. Credit Co. v. Arkansas Co., 128 U. S. 258, 9 Sup. Ct. 107, 32 L. Ed. 448; Williams Co. v. U. S., 215 U. S. 541, 30 Sup. Ct. 221, 54 L. Ed. 318; Green v. Lynn (C. C. A. 1) 87 Fed. 839, 31 C. C. A. 248; Coulliette v. Thomason (C. C. A. 5) 50 Fed. 787, 1 C. C. A. 675; Noonan v. Athletic Club Co. (C. C. A. 6) 93 Fed. 576, 35 C. C. A. 457; Stevens v. Clark (C. C. A. 7) 62 Fed. 321, 10 C. C. A. 379; U. P. R. R. v. Colo. E. R. Co. (C. C. A. 8) 54 Fed. 22, 4 C. C. A. 161; Connecticut Co. v. Oldendorff (C. C. A. 9) 73 Fed. 88, 19 C. C. A. 379. The present case carries some aspects of hardship to plaintiff in error, but the latest utterance of the Supreme Court affirms the strict rule of limitation in a case of much greater hardship (In the Matter of William J. Dante, 228 U. S. 429, 33 Sup. Ct. 579, 57 L. Ed. ——, decided April 28, 1913); and it may well be the better rule that a party, who is in doubt as to the proper court to which to apply for review, should make his decision at his peril, thereby occasionally preventing a review which it would be wise to permit, rather than that such a party should be allowed to experiment in every case and greatly prolong litigation. It would be difficult to classify the good faith and excusable mistake from the deliberately chosen expedient to postpone the end. At any rate, the statute is clear and subject to no exceptions; and we cannot make exceptions.

No satisfactory reason is pointed out why a party in such position may not protect himself by seeking review in both courts, and maintaining both proceedings until in one or the other the jurisdictional question is decided. The cases of Columbus Co. v. Crane Co., 174 U. S. 600, 19 Sup. Ct. 721, 43 L. Ed. 1102; and Railroad v. Thiebaud, 177 U. S. 615, 20 Sup. Ct. 822, 44 L. Ed. 911, do not militate against this practice, because they only hold that a party, having the lawful right to a review in one court or in another court, cannot have both, but must stand upon his election. Where a party has no right of choice, his ineffective pursuit of the remedy in the wrong court is "not an election, but an hypothesis." Northern Assurance Co. v Building Association, 203 U. S. 106, 108, 27 Sup. Ct. 27, 51 L. Ed. 109. But it is unnecessary to decide whether the mistaken and the true hypothesis may be resorted to simultaneously. The statute imperatively requires that the right remedy should be invoked within the time limited.

The motion must be granted, and the writ dismissed for lack of jurisdiction.