CAMDEN IRON WORKS CO. et al. v. SATER, District Judge.

(Circuit Court of Appeals, Sixth Circuit. June 8, 1915.)

No. 2735.

1. EXCEPTIONS, BILL OF ⊂⇒40—TIME TO FILE—EXTENSION—JUDGMENT ENTRY.

The entry on September 11, 1914, during the February term of court, of a judgment giving 60 days for preparation and settlement of a bill of exceptions, carries ipso facto control over the bill of exceptions into the October term, and the court has jurisdiction to make further extension of time during that term.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 44, 45, 57–64; Dec. Dig. ⊂⇒40.]

2. EXCEPTIONS, BILL OF ⊂⇒40—TIME FOR SETTLEMENT—EXTENSION—DELAY IN ENTERING EXTENSION ORDER—EFFECT.

A delay of two days in entering an order extending the time for preparing and settling a bill of exceptions, seasonably made, does not deprive the court of jurisdiction over a bill of exceptions.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 44, 45, 57–64; Dec. Dig. ⊂⇒40.]

3. EXCEPTIONS, BILL OF ⊂⇒36—SETTLEMENT—MOTION FOR NEW TRIAL—EFFECT.

The pendency of a motion for a new trial preserves the court's control over the judgment, including a settlement of a bill of exceptions.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 44, 46, 48, 51–53, 60; Dec. Dig. ⊂⇒36.]

4. EXCEPTIONS, BILL OF ⊂⇒40—JURISDICTION OF COURT—PENDENCY OF MOTION TO VACATE ORDER OF EXTENSION OF TIME.

The entertaining by the court of a motion to vacate an order extending the time for the presentation for settlement of a bill of exceptions preserves the court's control over the settlement of the bill pending the disposition of the motion.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 44, 45, 57–64; Dec. Dig. ⊂⇒40.]

5. EXCEPTIONS, BILL OF ⊂⇒53—COMPELLING SETTLEMENT—MANDAMUS.

Where no complete bill of exceptions was ever presented to the court for signature, and the question is whether time should be granted therefor, mandamus will not issue to control the discretion of the court as to granting further time.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 80–85, 87, 88; Dec. Dig. ⊂⇒53.]

6. APPEAL AND ERROR ⊂⇒353—WRIT OF ERROR—TIME TO TAKE OUT—EXTENSION OF TIME.

The courts have no power to extend the statutory period for taking out a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1920–1922; Dec. Dig. ⊂⇒353.]

7. APPEAL AND ERROR ⊂⇒343—WRIT OF ERROR—TIME TO TAKE OUT—EXTENSION OF TIME.

The pendency of settlement of a bill of exceptions does not extend the period for taking out a writ of error, since there is no reason why issue of a writ of error should not precede settlement of the bill.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1889–1904; Dec. Dig. ⊂⇒343.]

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**8. EXCEPTIONS, BILL OF ☞53—DISPUTED QUESTION OF FACT—JURISDICTION —MANDAMUS.**

Where the claim whether a petition for writ of error and granting of order of allowance were lodged with the clerk of the court within six months after the judgment involved a disputed question of fact, not within the issues in mandamus to compel settlement of a bill of exceptions, the petition for which and answer thereto were filed within the six months, the court will not determine whether petitioner preserved his right to a writ of error.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 80– 85, 87, 88; Dec. Dig. ☞53.]

Petition for writ of mandamus by the Camden Iron Works Company and another directed to Hon. John E. Sater, District Judge for the Southern District of Ohio, to compel the approval and settlement of a bill of exceptions. Dismissed.

C. D. Robertson, of Cincinnati, Ohio, for petitioner.
Constant Southworth, of Cincinnati, Ohio, for respondent.

Before KNAPPEN and DENISON, Circuit Judges, and COCHRAN, District Judge.

PER CURIAM. Petition for writ of mandamus directing respondent to approve and settle bill of exceptions in the case of Camden Iron Works v. City of Cincinnati. Respondent's reasons, given in his answer, for not approving and signing a bill of exceptions are, broadly stated, first, that no completed bill ready for approval and signature was ever presented to him; second, that respondent had lost jurisdiction to sign and settle the bill, because the time therefor had expired; and, third, that, if respondent still had discretionary power to extend the time, it ought not to be exercised because of petitioner's lack of diligence in preparing the bill.

The question of jurisdiction arises in this way: Judgment was entered September 11, 1914, and 60 days given plaintiff for preparing bill of exceptions and assignment of errors and filing the same for the consideration of the court. November 9th another extension of 10 days was given. On November 18th or 19th respondent signed an extension for 15 days and mailed it to petitioner's counsel, who received it on November 19th, but did not file it with the clerk of the court until November 21st. Three days later defendant filed a motion to vacate the order of extension on the ground (so far as now material) that it was filed two days late and that the court had no jurisdiction to make the extension or to sign a bill of exceptions. This motion was entertained by the court, but was not decided until December 21st. Meanwhile, on December 11th, defendant filed objections and proposed amendments to the bill of exceptions tendered; its objections expressly stating that its motion of November 24th was not waived. On the next day plaintiff's counsel presented to respondent a proposed bill, stating, however, that certain exhibits had not been made part thereof, and that a controversy existed to some extent between opposing counsel regarding the contents of the bill. Respondent de-

clined at the time to grant a hearing on the bill, for the reason that he had not decided the motion of November 24th, and because of defendant's denial of respondent's right to allow and sign a bill. At this time plaintiff's counsel presented draft of an order for filing the extension. order in question nunc pro tunc as of November 19th, instead of November 21st, and orally requested its entry, which respondent refused. On December 15th hearing was had, presumably including the motion of November 24th and the question generally of respondent's jurisdiction to settle the bill, as well as the propriety of the bill as tendered. On December 21st respondent denied the application to allow and sign the bill, and in effect sustained defendant's motion of November 24th and its contentions generally. He also announced, in his written opinion, a denial of plaintiff's nunc pro tunc order, and on the same day lodged with the clerk of the court plaintiff's proposed entry, with respondent's refusal indorsed thereon. The petition for mandamus followed.

[1, 2] We think respondent did not lose jurisdiction to settle and sign a bill of exceptions. While the judgment was entered at the February term, and jurisdiction to settle bill of exceptions would, unless under extraordinary circumstances, be lost by the expiration of that term, unless control was in some way reserved (Morse v. Anderson, 150 U. S. 156, 14 Sup. Ct. 43, 37 L. Ed. 1037; Jennings v. Railroad Co., 218 U. S. 255, 257, 31 Sup. Ct. 1, 54 L. Ed. 1031), yet the extension of 60 days embraced in the judgment entry ipso facto carried the control over the bill of exceptions into the October term. Jurisdiction was clearly not lost by the 2 days' delay in entering the extension order of November 19th. The order was seasonably made, and there was no unconscionable delay in filing. The only substantial question, so far as jurisdiction is concerned, was whether it should date from November 19th or November 21st, and thus whether it would expire on December 4th or December 6th. Control over the settlement of bill having been carried into the October term, there was jurisdiction to make further extension during the term. Mahoning Valley Ry. Co. v. O'Hara (C. C. A. 6) 196 Fed. 945, 947, 116 C. C. A. 495. The cases relied upon are not authority for a contrary contention.

[3, 4] There was thus jurisdiction, between December 4th and December 21st, to settle bill or extend time therefor, provided the court meanwhile kept control over the subject. The rule is well settled that the pendency of motion for new trial preserves the court's control over the judgment, including the settlement of bill of exceptions. Kingman v. Manufacturing Co., 170 U. S. 675, 678, 18 Sup. Ct. 786, 42 L. Ed. 1192; Merchants' Ins. Co. v. Buckner (C. C. A. 6) 98 Fed. 222, 224, 225, 39 C. C. A. 19; Mahoning Valley Ry. Co. v. O'Hara, supra. We think the same principle applies here, and that such control was preserved by the entertaining of the motion of November 24th, the continuation of the proceedings between counsel relating to the form of bill (for defendant's nonwaiver of its motion did not affect jurisdiction), the formal hearing of December 12th, and the final orders of disposition of December 21st. While formal applica-

tion was not made, during the pendency of these motions, for an extension of time beyond December 4th or December 6th, yet, as respondent returns, he "assumed in his opinion filed December 21st that plaintiff's counsel must have intended to ask for a nunc pro tunc order, which would preserve their right to present and file a bill of exceptions." This intention, shown by efforts to settle bill of exceptions on and after December 12th, is not negatived by the fact that respondent did not know, until that date, that the previous extension had expired. It follows that jurisdiction over the settlement of the bill was not lost when the order of December 21st was made, and, this being so, that respondent still has such jurisdiction.

[5] We cannot, however, award the writ of mandamus; for not only was no complete bill ever presented in actual readiness for signature (and thus there has been no refusal to actually sign a confessedly proper bill), but the question whether further time should be granted therefor was within respondent's judicial discretion, over which we have no control, unless that discretion has been abused; and we cannot so say. We have stated our views on the subject of jurisdiction only because it is not clear how far respondent's exercise of discretion with respect to granting further time may have been influenced by the view that jurisdiction was lost. Whether such discretion shall be further exercised rests with respondent.

[6-8] It is urged that no writ of error has been taken out, that the time therefor has expired, and that for these reasons bill of exceptions should not be settled. If the premises are correct the conclusion follows, for in such case a bill of exceptions would be futile. No writ of error has ever issued, nor has order therefor been made; and courts have no power to extend the statutory period for taking out the writ. Nor did the pendency of settlement of bill of exceptions have that effect, for there was no legal reason why issue of writ should not precede settlement of bill. Hunnicutt v. Peyton, 102 U. S. 333, 354, 355, 26 L. Ed. 113; Shreve v. Cheesman (C. C. A. 8) 69 Fed. 785, 787, 16 C. C. A. 413.

The petition for writ of error and draft of order of allowance seem to have been lodged with the clerk of the court in December, and thus within 6 months after judgment; and we understood a claim to be made at the argument of the instant case that issue of the writ was actually applied for during that month. As this claim involves a disputed question of fact not within the issues in the mandamus case (for the 6 months had not run when the petition and answer were filed), we shall not attempt to determine whether petitioner has preserved right to writ of error, but shall leave that question to be decided when, if ever, it becomes material.

The petition for writ of mandamus is dismissed, with costs.