## CAMDEN IRON WORKS CO. v. CITY OF CINCINNATI.

### (Circuit Court of Appeals, Sixth Circuit.  May 8, 1917.)

### No. 3000.

1. COURTS ⊕═405(14)—WRIT OF ERROR—TIME—EXTENSION.
   Under Act March 3, 1891, c. 517, § 11, 26 Stat. 829 (Comp. St. 1916, § 1647), requiring a writ of error to be sued out within six months, the six months limitation is jurisdictional, and the courts have no power to extend it.

2. APPEAL AND ERROR ⊕═344—SUING OUT WRIT—TIME—EXTENSION.
   Delay in settling a bill of exceptions does not operate to extend the time for taking a writ of error, as the writ can properly issue in advance of the settlement of the bill.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1889–1893, 1896.]

3. APPEAL AND ERROR ⊕═351(1)—APPLICATION FOR WRIT OF ERROR.
   The lodging of a petition for a writ of error and a draft of a formal order allowing the writ with the clerk of the District Court did not of itself amount to an application to the court or judge for the allowance or issue of the writ.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1919.]

4. APPEAL AND ERROR ⊕═351(1)—SUING OUT WRIT OF ERROR—ALLOWANCE—NUNC PRO TUNC.
   In connection with efforts to settle a bill of exceptions, plaintiff in error left with and called to the attention of the District Judge a petition for a writ of error and a draft of a formal order allowing the writ. The usual practice was to settle the bill before taking out the writ of error, and no application was made for an immediate allowance of the writ. Delay in allowing the bill of exceptions extended beyond the six months allowed for suing out the writ, and plaintiff in error did not again call the court's attention to the petition for the writ. Held, that plaintiff in error had not done all within its power to procure the issuing of the writ within the statutory period, and was not entitled to have it allowed after the expiration of the six months as of the time when such papers were presented to the judge, especially as it is the general rule that a writ of error is not sued out until actually filed or lodged with the clerk.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1919.]

In Error to the District Court of the United States for the Southern District of Ohio; John E. Sater, Judge.

Action by the Camden Iron Works Company against the City of Cincinnati. Judgment for plaintiff for an insufficient amount, and it brings error. On motion to dismiss proceedings in error. Writ and proceedings thereunder dismissed.

Robertson & Buchwalter, of Cincinnati, Ohio, for plaintiff in error.

Charles A. Groom, of Cincinnati, Ohio, for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and COCHRAN, District Judge.

PER CURIAM. The motions presented arise out of this situation: On September 11, 1914, final judgment was entered in a suit by plaintiff in error against defendant in error. The former, on November 19, 1914, lodged its proposed bill of exceptions with the clerk

⊕═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the District Court. On December 21st, following, the application to allow and sign the bill of exceptions was denied. In answer to an application presented by plaintiff in error to this court for a mandamus to compel the signing and settlement of such bill, the District Judge gave as his reasons for refusing so to do, first, that no completed bill ready for approval and signature was ever presented to him; second, that respondent had lost jurisdiction to sign and settle the bill, because the time therefor had expired; and, third, that if respondent still had discretionary power to extend the time, it ought not to be exercised because of petitioner's lack of diligence in preparing the bill.

By an opinion filed in the mandamus suit June 8, 1915, we held that jurisdiction to sign and settle the bill had not been lost. The mandamus, however, was denied, for the reason that the action demanded was within the judicial discretion of the District Judge, to whom we left the determination whether such discretion should be further exercised. Camden Iron Works Co. v. Sater, District Judge, 223 Fed. 611, 139 C. C. A. 157. The six months statutory period for taking out writ of error expired during the pendency of the mandamus proceeding, without such writ being issued. Defendant in error urged this fact (in the mandamus cause) as a reason why the bill of exceptions should not be settled. The claim of plaintiff in error, made at the argument of that cause, that issue of the writ was actually applied for in December, 1914, not being within the issues presented, was remitted for decision "when, if ever, it becomes material." 223 Fed. 614, 139 C. C. A. 160.

Thereafter, on June 19, 1915, and again on September 13th, following, the questions of the settlement of the bill and the allowance of writ of error were taken up between counsel and the District Judge. It appeared that a petition for writ of error, an assignment of errors, draft of a formal order allowing the writ, and draft of an entry allowing the bill of exceptions, had been deposited with, and so marked by, the clerk of the District Court on December 2, 1914. See in this connection 223 Fed. 614, 139 C. C. A. 160. This date of lodgment was within the time for taking writ of error. The papers referred to were never in fact actually filed by the clerk, nor was he requested to actually file them. There was evidence, however, that on December 12, 1914, which was still within the statutory time for writ of error, these papers had been taken from the clerk's office by counsel for plaintiff in error and brought to the attention of the District Judge, in connection with efforts to settle bill of exceptions previous to application for mandamus, and that the papers had been, a day or two later, returned by the judge to the clerk's office. On November 8, 1915, the District Court made an order refusing the writ of error, finding as a fact that no application therefor "or the issue thereof was ever made to the clerk of this court at any time, nor was a petition for a writ of error at any time filed, or tendered to be filed with the clerk, or allowance thereof requested of the court"; also that no bond on writ of error was ever given or tendered, and no order fixing the amount thereof filed with the clerk or tendered to that officer or to the court; and on June 26th following a motion to rehear the

application of plaintiff in error was denied. On July 11, 1916, however, by order of the District Court, a writ of error was issued bearing date June 19, 1915, being the date when the questions referred to were presented to the District Court following our order of June 8, 1915; and on October 9, 1916, a bill of exceptions was allowed plaintiff in error, also as of June 19, 1915. The order of July 11, 1916, was the first actual allowance of writ of error ever made, and no writ was ever issued until that date. The printed record was filed in this court on November 25, 1916; and on January 5th, following, defendant in error moved to strike same from the files for lack of jurisdiction of this court thereover. Plaintiff in error thereupon moved to amend the writ of error by changing its date to December 12, 1914, or to the proper date within six months from September 11, 1914, as well as to amend certain other dates in the proceedings, not important to be stated.

[1, 2] Unless the writ of error was "sued out" within the meaning of the statute as early as March 11, 1915, it is clear that it was never lawfully issued, and the writ and all proceedings thereunder must be dismissed. The six months limitation is jurisdictional. Courts have no power to extend it. Carriere v. United States (C. C.) 163 Fed. 1009; Darnell v. Illinois Central R. R. Co. (C. C. A. 6) 206 Fed. 445, 124 C. C. A. 327; Camden Iron Works Co. v. Sater, supra, 223 Fed. 614, 139 C. C. A. 160. Again, delay in settling the bill of exceptions did not operate to extend the time for taking writ of error, as the latter could properly issue in advance of the settlement of bill. Hunnicutt v. Peyton, 102 U. S. 333, 358, 26 L. Ed. 113; Shreve v. Cheesman (C. C. A. 8) 69 Fed. 785, 787, 16 C. C. A. 413; Old Nick Williams Co. v. United States, 215 U. S. 541, 544, 30 Sup. Ct. 221, 54 L. Ed. 318. It is thus obvious that a writ sued out on June 19, 1915 (the date borne by the writ), would be too late. Hence the motion of plaintiff in error to amend the date.

[3] It is clear that the lodging of the papers with the clerk did not of itself amount to an application to the court or to the District Judge for the allowance or issue of writ. Green v. City of Lynn (C. C. A. 1) 87 Fed. 839, 31 C. C. A. 248. As applied to the facts of this case, the controlling question is whether what was done on December 12, 1914, amounted to a suing out of the writ. If it did not, the proceeding must be dismissed.

[4] The applicable statute (Act March 3, 1891, c. 517, § 11) requires that an appeal or writ of error to the Circuit Court of Appeals be "taken or sued out" within six months after the entry of the order, judgment or decree sought to be reviewed. The word "taken" doubtless relates to the appeal, and the words "sued out" to the writ of error. It is the general and settled rule that a writ of error is not sued out until it is actually filed or lodged with the clerk of the court which rendered the judgment sought to be reviewed. Old Nick Williams Co. v. United States, supra, and cases there cited; Ky. Coal, etc., Co. v. Howes (C. C. A. 6) 153 Fed. 163, 164, 82 C. C. A. 337. If that rule is applicable, the writ was not sued out within six months. However, in Randall v. Foglesong, 200 Fed. 741, 119 C. C. A. 185, we held, upon a review of authorities, that an appeal in equity under section 129 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat.

1134 [Comp. St. 1916, § 1121]), when claimed in due season, could not be defeated by failure of the court to act upon the application within the time required for taking the appeal. The facts in that case were that Judge Hollister, who had made the order from which appeal was sought, was out of the district, and application was accordingly made to Judge Sater on the last day for taking appeal. Judge Sater declined to act, for reasons stated in our opinion in that case, and accordingly returned the appeal papers to the appellant's counsel, with the request that they be presented to Judge Hollister upon his return. They were so presented, and the appeal allowed nunc pro tunc a few days after the expiration of the six months. We held that while an appeal could not be said to be "taken" until "in some way presented to the court which made the decree appealed from, thereby putting an end to its jurisdiction over the cause, and making it its duty to send it to the appellate court," yet that the presentation of the application to Judge Sater was a presentation to the court which made the decree appealed from.

But we think the instant case does not fall within Randall v. Fogelsong. In the first place, there is an apparent distinction between suing out a writ of error and the taking of an appeal in equity in that the former requires an actual issue of the writ and its lodgment with the clerk of the court whose judgment is to be reviewed, while the latter does not. But, apart from this consideration, the facts of the present case distinguish it materially from Randall v. Foglesong. While there is an apparent conflict in some respects between the statements of counsel for plaintiff in error and the findings of Judge Sater as to what occurred before the latter on December 12, 1914, we think this conflict is in point of substance less real than apparent. There seems no reason to question the good faith of the claim of counsel for plaintiff in error as to what took place; nor do we understand Judge Sater to raise such question. We are satisfied that on that date the papers before referred to as deposited with the clerk of the District Court, in connection with the proposed bill of exceptions and exhibits, were presented to Judge Sater for his ultimate action thereon. But we are not satisfied that application was then and there made for an immediate or present allowance of writ of error; we are impressed rather that counsel's idea was to call attention to the papers as ready for action, and to request action when the proper time therefor should arrive; and we are disposed to conclude that counsel did not expect the writ to be actually allowed until the bill of exceptions should be settled. This conclusion seems justified by several considerations: The usual practice was to settle bill before taking out writ of error, and more than two months yet remained of the statutory period for the issue of writ; during this remaining period, not only would the clerk's records show that no writ had been issued, but its issue would naturally come to the attention of counsel for plaintiff in error, involving, as it did, service of citation and other action. It is not at all strange that Judge Sater does not recall the fact that the filing of application for writ of error had been brought to his attention; and in view of the long delay after December 12th it was scarce-

ly to be expected that he would recollect what had then occurred concerning the application for writ of error, and would, without having his recollection refreshed, and on his own motion, allow the writ in advance of settlement of bill.

We thus think that plaintiff in error has failed to show with requisite clearness that it did all within its power to procure the issuing of the writ within the statutory period. In Randall v. Foglesong we expressly declined to consider what the effect of the application to appeal would have been, had not appellant "actively and expeditiously persisted in his efforts to appeal."

These considerations constrain us to the conclusion that the writ of error was not seasonably sued out, and that the writ and the proceedings thereunder must be dismissed. It is therefore unnecessary to consider the counter motions of plaintiff in error.