STEBBINS v. SELIG.

(Circuit Court of Appeals, Eighth Circuit. April 7, 1919. Rehearing Denied May 31, 1919.)

No. 5168.

1. COURTS ⬤�detail405(5)—CIRCUIT COURTS OF APPEALS—APPELLATE JURISDICTION —CASE INVOLVING JURISDICTION OF LOWER COURT.

Where the jurisdiction of a District Court depended upon whether a paragraph of the complaint stated a cause of action for special damages claimed therein, without which the amount involved was below the jurisdictional limit, a writ of error to review a judgment sustaining a de-

⬤➤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

murrer to such paragraph and dismissing the action was properly taken to the Circuit Court of Appeals.

2. DAMAGES ⚖=23—FAILURE TO PERFORM CONTRACT—SPECIAL DAMAGES WITH-IN CONTEMPLATION OF PARTIES.

In an action for breach of a written contract by defendant to drill an artesian well and install a pump therein for irrigation purposes, damage to a rice crop on land which the well was intended to irrigate, based upon the difference between the rice crop actually raised and a rice crop raised on any adjoining land, resulting from failure to perform the contract, *held* not recoverable as special damages, in the absence of any provision in the contract indicating that such damages were contemplated by the parties.

Stone, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Action by Lewis A. Stebbins against A. F. Selig. Judgment for defendant, and plaintiff brings error. Affirmed.

L. A. Stebbins, of Chicago, Ill., X. O. Pindall, of Little Rock, Ark., and Paul E. Price, of Chicago, Ill., for plaintiff in error.

Thomas S. Buzbee, George B. Pugh, and Harvey T. Harrison, all of Little Rock, Ark., and O. M. Young and John M. Wilson, both of Stuttgart, Ark., for defendant in error.

Before CARLAND and STONE, Circuit Judges, and AMIDON, District Judge.

CARLAND, Circuit Judge. The plaintiff in error, hereafter plaintiff, sued the defendant in error, hereafter defendant, to recover damages for the breach of a contract in writing, entered into between the plaintiff and defendant on June 22, 1916, whereby the defendant in consideration of $2,000 agreed to drill an irrigation well on the Stebbins farm, near Olena, Ark., and install a pump therein within 20 days from date of contract. The complaint set out the contract, alleged that defendant wholly failed to perform the same, and that in consequence thereof plaintiff was compelled to make a new contract for the same purpose with the Layne & Bowler Company, at a difference in cost of $675 over and above what the well and pump would have cost if the defendant had performed his contract. The complaint then alleged by way of special damage as follows:

"(4) Plaintiff further alleges that the said field upon which the defendant had obligated himself to sink a well and install a pump as aforesaid was a field well suited for the growth of rice, and was intended and was in fact used for the cultivation of rice. The plaintiff further alleges that it is a well-known fact that rice cannot be cultivated successfully unless the field upon which the rice has been sown is kept flooded by a constant supply of water, and defendant well knew that the plaintiff contemplated using the said field upon which the defendant had agreed to sink a well and install a pump as aforesaid for the purpose of raising and cultivating rice, and that the sole purpose of the plaintiff in contracting for the sinking of the well and the installation of a pump as aforesaid was to secure a constant supply of water for his rice crop. Plaintiff further alleges and avers that the said defendant was engaged in the business of sinking wells for rice fields and for no other purpose, and had been engaged in said business for a great many years, and was thoroughly familiar with the rice-growing industry, and by reason of his ex-

perience well knew that rice could not be successfully cultivated unless the field upon which the rice has been sown is kept flooded by a constant supply of water, and that the direct and immediate result of his failure and refusal to complete a well and install a pump must necessarily be grave and serious damage to the rice crop of the plaintiff; and the plaintiff further alleges and avers that, as a direct and proximate result of the failure of the said defendant herein to comply with the said contract as aforesaid, the rice crop upon said land became and was greatly damaged and injured, because of the inability of the plaintiff to inundate said lands with water for the period following the date on which said defendant agreed to complete the said well and install the said pump hereinbefore referred to, and the time within which the said Layne & Bowler Company were able to complete their said well and install their said pump, and that the said well so constructed and the said pump installed by the said Layne & Bowler Company was and is of the same general kind and character as that which the defendant herein had agreed and obligated himself to construct, erect, and install, and upon its completion yielded a constant supply of water per minute equal to the amount guaranteed to be furnished by the said well and pump which the defendant had obligated himself to erect and construct.

"The plaintiff further alleges and avers that the sole and only means of flooding or inundating the said field, upon which the defendant had agreed to sink a well and install a pump as aforesaid, was by means of said well and pump as aforesaid, and the said defendant well knew that the sole and only means of flooding and inundating said field was by means of said well and pump, which he had agreed to sink and install as aforesaid, and that the plaintiff had no other means or facilities for flooding or inundating said field.

"The plaintiff alleges and avers that the lands upon which the defendant had agreed to sink a well and install a pump as aforesaid, and over which the waters from the said well were intended to flood, and which were in fact flooded, by the said well and pump subsequently sunk and installed by the said Layne & Bowler Company, as hereinbefore set forth, yielded 4,440 bushels, and that other land of the same kind and character and of the same acreage, which was properly flooded at all times as this land would have been had not the defendant wholly neglected and refused to complete his contract, as aforesaid, yielded rice greatly in excess of this land, to wit, from 3,200 to 5,600 bushels more of rice.

"The plaintiff further alleges and avers that the sole and only reason for the difference, in yield between the said field upon which the defendant had agreed to sink a well and install a pump as aforesaid, and the field of the same acreage hereinbefore referred to, was the fact that the said field upon which the said defendant had agreed to sink a well and install a pump as aforesaid was, by reason of the failure of the defendant to comply with his said contract, without water for a long space of time, to wit, 10 days from the 12th day of July, A. D. 1916, the date upon which the said defendant had agreed to complete the said well and pump as aforesaid, until the plaintiff was able to secure the completion of a well and the installation of a pump by the said Layne & Bowler Company as hereinbefore set forth, and that if the said field upon which the said defendant had agreed to sink the said well and install the said pump as aforesaid had been properly supplied with water from the 12th day of July, A. D. 1916, as aforesaid, and had not been without water for a long space of time, to wit, from the 12th day of July, A. D. 1916, to the 22d day of July, A. D. 1916, the date upon which the said Layne & Bowler Company's well and pump as aforesaid were completed and placed in operation, to wit, 10 days, the yield of the said field upon which the said defendant had contracted and agreed to sink a well and install a pump as aforesaid, would have been the same, or nearly so, as the said lands hereinbefore described, which were properly supplied with water at all times, and so by reason of the premises the plaintiff lost and was wholly deprived of a vast quantity of rice, which he otherwise, in the ordinary course of events, would have received, except for the failure of the defendant to comply with his said contract as aforesaid, to wit, the difference between the average yield of adjoining

rice fields of the same acreage and character, which were properly supplied with water at all times, and the said field upon which the said defendant had wholly neglected to sink a well and install a pump as aforesaid, in accordance with his agreement, to wit, 3,200 bushels of rice. The plaintiff states that the fair current market price for rice of the kind and character grown on this land, in the month of October, 1916, when said rice was threshed, was $1.10 per bushel. Wherefore the plaintiff says that he was damaged in the sum of $3,500, the fair market value of said rice, and prays judgment for this amount."

[1] The defendant demurred to said paragraph 4 on the ground that the complaint did not state a cause of action for the damages claimed in said paragraph, and demurred to the complaint without said paragraph on the ground that it did not state a cause of action within the jurisdiction of the court. The court below sustained the demurrer, and, the plaintiff electing to stand upon his complaint, the same was dismissed for want of jurisdiction. On this state of the record, counsel for defendant suggests that plaintiff ought to have gone directly to the Supreme Court by virtue of section 238, Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1157 [Comp. St. § 1215]). We are of the opinion that the case was properly brought here, because, conceding there was a question of jurisdiction after the elimination of paragraph 4, resulting from the fact that the damages claimed would be less than $3,000, still that was not the only question in the case, and the judgment of the court below must be construed in our opinion as equivalent to a holding that the complaint did not state a cause of action. R. J. Darnell v. I. C. Ry. Co., 225 U. S. 243, 32 Sup. Ct. 760, 56 L. Ed. 1072. The procedure in this case is not the same as in Globe Refining Co. v. Landa Cotton Oil Co., 190 U. S. 540, 23 Sup. Ct. 754, 47 L. Ed. 1171, hereafter referred to.

[2] In the case last mentioned there was no question but that of jurisdiction. The litigated question, below and here, was and is whether the special damages alleged in paragraph 4 may be recovered by reason of the nonperformance of the contract by the defendant. We have no doubt of our jurisdiction. In considering the question of special damage we must remember that the contract between the parties was in writing and contained no expression as to what the damages should be in case either party wholly failed to perform it. The general rule is that a person can only be held to be responsible for such consequences as may be reasonably supposed to be in the contemplation of the parties at the time of making the contract. Under this rule the plaintiff in the present case could clearly recover in the proper forum the sum of $675, which he alleges was the excess paid to the Layne & Bowler Company for doing the same work that the defendant agreed to do. Parties, when they make contracts, contemplate performance, not breach; therefore they do not usually say anything about consequences in case of breach by either party. In this situation the law establishes a rule by which it may be determined with reasonable certainty what the parties would have said, had they spoken in their contract. Thus arises the rule, above stated, that parties who break their contracts are to be held responsible for such consequences as may be reasonably supposed to be in the contemplation of

the parties at the time of making the contract. The rule being thus established, the next question that arises is: How shall it be determined what the consequences were which the parties to a contract contemplated when they entered into the same? It has been decided that these consequences may be shown by oral evidence when the contract is in writing. It has also been decided that mere notice to a seller of some interest or probable action of the buyer is not enough necessarily and as matter of law to charge the seller with special damage on that account, if he fails to deliver the goods. As was said by Mr. Justice Willes in British Columbia Saw Mill Co. v. Nettleship, L. R. 3 C. P. 499, 508:

"The knowledge must be brought home to the party sought to be charged, under such circumstances that he must know that the person he contracts with reasonably believes that he accepts the contract with the special condition attached to it."

In this case the special condition would be that defendant entered into the contract in question, knowing that the plaintiff reasonably believed that, if the defendant wholly failed to perform the contract, he would be liable to the plaintiff for the difference between the value of the rice crop raised upon plaintiff's land and the value of the rice crop raised upon any adjoining land; this difference amounting in the present case to $3,500. One way of testing whether the defendant contemplated this consequence is to suppose that, had defendant been asked to agree to a clause in the contract that would make him liable in the way specified, would he have assented to the same? In our judgment there can be but one answer to this question: He would not. The foregoing principles of law are fully illustrated and sustained by the Supreme Court of the United States in Globe Refining Co. v. Landa Cotton Oil Co., supra, where the cases, English and American, are cited.

This case in our opinion fully sustains the ruling of the trial court. While the complaint shows that the defendant was in the business of sinking wells for the irrigation of rice lands, and knew that the plaintiff wanted the water to be pumped from the well in question to be used for the growing of rice, there is no showing, in our opinion, that the plaintiff believed or contemplated, or that it was in the contemplation of either party, that if the defendant failed to perform the contract within 20 days he would be liable for the difference in value between the rice crop of the plaintiff and any rice crop raised upon any adjoining land. The authorities upon the question of damages for the breach of contracts are innumerable, but in the view we take of the case we are controlled by the case last cited.

We have considered the case of Harrington v. Blohm, 206 S. W. 316, in the Supreme Court of Arkansas. It is not a parallel case to the one at bar, and in so far as it is in conflict with Globe Refining Co. v. Landa Cotton Oil Co., supra, could not be followed by us.

The judgment below is affirmed.

STONE, Circuit Judge, dissents.